discloses, was the only available tenant. The income under the receiver's lease helped materially to pay the carrying charges of the leased property. The defendant, appellant, entered upon the lease in good faith, and upon the proof the receiver was justified in determining that said lease was both "necessary" and "expedient" under the order. The subsequent sale of the property pursuant to the judgment on the eleventh day of August is an immaterial incident, as the plaintiff knew or should have known at the time that the order was entered, one month prior to the entry of judgment, that a sale was imminent. Further, the proof is that, except for one common officer, the original owner of the land under foreclosure, there is no connection between the appellant and the defendant corporation, the owner of the equity of redemption at the time this action was started. The appellant, therefore, is not responsible for the notoriety acquired as the result of the discovery of illicit stills by agents of the United States government upon that part of the mortgaged lands which was not occupied or under lease to it. The acts of the receiver, an officer of the court acting under an order of the court, should not be nullified except for grave and sufficient reason. We do not find such reason in this record. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

AUGUST KNOBLACH, Appellant, v. NEW ROCHELLE TRUST COMPANY, Respondent.— Judgment and order reversed on the law and a new trial granted, costs to appellant to abide the event, upon the ground that it was error for the court to have charged that plaintiff could not recover if he signed the receipts. A receipt is *prima facie* evidence that the signer received the subject-matter of the receipt, but the jury should have been instructed to consider all of the testimony in the case bearing upon the alleged receipt by plaintiff of the two items of $8,000 and $9,000. If the bank did not pay these moneys to plaintiff or his authorized representative, then plaintiff is entitled to recover. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

JOHN P. MAGNER, Appellant, v. MARGUERITE R. MAGNER, Respondent. (Appeal No. 1.) — Order affirmed, with ten dollars costs and disbursements, with leave to plaintiff to move on five days' notice before Mr. Justice Witschief for a modification of the order in respect to the amount of temporary alimony after a determination has been made of the amount of permanent alimony. Lazansky, P. J., Kapper, Hagarty and Davis, JJ., concur; Carswell, J., not voting.

JOHN P. MAGNER, Appellant, v. MARGUERITE R. MAGNER, Respondent. (Appeal No. 2.) — Order affirmed, with ten dollars costs and disbursements. No opinion. (See *Magner* v. *Magner, No. 1, ante*, p. 894, decided herewith.) Lazansky, P. J., Kapper, Hagarty and Davis, JJ., concur; Carswell, J., not voting.

DANIEL E. MURPHY, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. We are of opinion that the case is indistinguishable in principle from *Miller* v. *Central R. Co. of New Jersey* (58 F. [2d] 635); *Philadelphia, B. & W. R. Co.* v. *M'Connell* (228 Fed. 263). (See, also, *Pedersen* v. *Del., Lack. & West. R. R.*, 229 U. S. 146; *Pallocco* v. *Lehigh Valley R. R. Co.*, 236 N. Y. 110.) Present — Lazansky, P. J., Kapper, Carswell, Tompkins and Davis, JJ.

CHARLES F. PALLISTER, Respondent, v. REGULAR DEMOCRATIC ORGANIZATION OF RICHMOND COUNTY and Others, Appellants.— Order modified so as to restrain the defendants from representing by emblem, sign or symbol that Anning S. Prall