Felipe N. Torres, J.
This is an application made by the petitioner to enforce an order of support and to compel respondent to pay arrears. At the hearing petitioner and respondent appeared in person and by their attorneys.
The following facts were established at the hearing: Petitioner bad an order of support in the Family Court on the 10th day of January, 1966, which directed the respondent to pay to petitioner the sum of $60 per week for her support. No child is involved in this case. Subsequent to the entry of such order of support the respondent brought an action of separation in the Supreme Court, New York County. The petitioner answered the complaint in said action and interposed a counterclaim for separation. Thereupon the petitioner made a motion in the Supreme Court for temporary alimony and counsel fees, which motion was granted. The respondent was directed to pay to the petitioner $60 per week for temporary alimony, and $600 for counsel fees.
*256 Said order for alimony and counsel fees was dated March 28, 1966, but it provided that the temporary alimony was to be paid retroactively beginning February 8, 1966, the original return date of the motion.
Respondent herein appealed from said order of temporary alimony and counsel fees, and on a motion duly made by the respondent the Appellate Division stayed all proceedings to enforce said order of alimony and counsel fees.
The Supreme Court did not retain exclusive jurisdiction to enforce or modify said order (Family Ct. Act, § 466). No mention is made, in said order for alimony and counsel fees or in the order staying the enforcement thereof, of the order of support of this court.
The book arrears on the Family Court order are $660.
It further appears that the petitioner is not a public charge nor is likely to become one. In addition to some joint bank accounts held by the petitioner and respondent payable to either of them, and some government bonds also jointly owned by them and payable to either, there is evidence that the petitioner withdrew $2,000 from a joint bank account she had with the respondent, and deposited it in another bank, has absolute control thereof, and can withdraw therefrom whenever she pleases.
The question presented by petitioner’s application involves a determination of the effect of the Supreme Court order on the Family Court order. Is the Family Court order superseded by the .Supreme Court order?
There is no specific provision in the Family Court Act directly in point. There is, however, a provision dealing with a Family Court order for support of a child. If a Family Court order provides for the support of a child, a subsequent Supreme Court order providing for the support of the child would automatically terminate the Family Court order, unless the Supreme Court continues the order of the Family Court. (Family Ct. Act, § 462.) The Joint Legislative Committee on Court Reorganization comment on this section reads: “ This new section is designed to avoid conflicting orders ”.
But no such or similar provision exists in the statute covering the situation when a Family Court order exists providing for the support of a wife, and subsequently the Supreme Court enters an order providing for alimony for the wife. The statute is silent on this point.
Section 466 of the Family Court Act which deals with the question of jurisdiction of the Supreme Court and the Family Court as to the enforcement or modification of a Supreme Court order or decree, does not say anything as to the effect of an ali *257 mony order of the Supreme Court on a support order of the Family Court. This court, therefore, has to supply by decision the omission of the statute.
We have in this case two orders between the same parties covering the same subject matter, the support of a wife, each order providing the same amount of support. It seems that to allow the Family Court order to stand after the entry of the Supreme Court order will amount to subjecting the respondent to two orders for the support of his wife. This will not only be. unfair, but would condone and encourage multiplicity of actions. But multiplicity of actions is abhorred by the law. It creates waste of time and unnecessary expenses to litigants, provides unnecessary work to the courts, and contributes to the congestion of the already congested calendars of our courts.
Mor can it be said that the petitioner needs two orders to protect her right to support. One order is enough, particularly in this case when the weekly allowance provided by the two orders is identical, namely $60 per week. It seems that petitioner’s rights are fully protected in the action pending in the Supreme Court. Further, it should be remembered that petitioner’s predicament and the conflict that is presented in this case between the jurisdiction of the Family Court and the Supreme Court is of petitioner’s own making, because the order for alimony was entered on her own motion, while she already had an order of support in this court.
The petitioner did not have to apply for alimony in the Supreme Court, although she had a perfect right to do so. But once she applied for it, she elected the Supreme Court as her forum to litigate the question of her support, and she should be held to her election. There is no reason why the respondent should have to defend his wife’s complaint in two different courts and be exposed to double legal expenses. Having elected her own forum, petitioner should not be heard to complain.
Furthermore, were this court to hold that the two orders can exist at the same time and that petitioner is entitled to have the Family Court order enforced here, such holding would be tantamount to saying that petitioner can use this court to circumvent the stay granted by the Appellate Division. In effect, she is seeking to get by her application here what she cannot get in the Supreme Court. To grant her application here would not be in conformity with the orderly administration of justice. It will create confusion and a bad precedent. Once the Supreme Court speaks on the question of alimony, it should be held that it has pre-empted the field and that the Family Court should step out except to enforce or modify an order or decree under *258 section 486 of the Family Court Act. I do not think that the Legislature intended otherwise.
I have examined various cases decided under the former Domestic Relations Court Act prior to the enactment of the Family Court Act. It so happens that under the Domestic Relations Court Act the same situation did prevail that we have today under the Family Court Act. Then, as now, the statute was silent as to the effect of a Supreme Court order for alimony ¡on a prior Family Court order for support of a wife. Due to the absence of such a provision in the statute, the conflict of jurisdiction between the Supreme Court and the Domestic Relations Court was presented at various times, but I have not been able to find a single case that would lend support to the application herein. On the contrary, the consensus of the cases points in the opposite direction and against the granting of the application. (See “ Varney ” v. “ Varney ”, 178 Misc. 165 [1942] ; Bergen v. Bergen, 186 Misc. 34 [1945]; “ Sternau ” v. “ Sternau ”, 189 Misc. 856 [1947].)
Finally, the case of Palmore v. Palmore (19 A D 2d 845) construing section 466 of the Family Court Act, seems to dispose of this case against the petitioner. Any prior case holding to the contrary should be considered overruled. In that case the petitioner filed a petition for support in the Family Court after she had obtained an order for temporary alimony in the Supreme Court; the Supreme Court had not retained exclusive jurisdiction. The respondent moved to dismiss the petition upon the ground that because of the existence of the Supreme Court order providing for temporary alimony, the Family Court lacked jurisdiction to entertain the petition.
The Family Court overruled the objection and held that it had jurisdiction to entertain the petition and entered an order of support. On appeal, the Appellate Division reversed the Family Court and dismissed the petition, holding that once a wife got an order for alimony in the Supreme Court, if the order was silent concerning its enforcement or modification, the only thing that the Family Court could do was to enforce or modify the Supreme Court order under subdivision (c) of section 466 of the Family Court Act, but could not entertain the petition.
The difference between the Palmore case and the case at bar is that in this case the petitioner already had a support order in this court when she got the alimony order in the Supreme Court, but I do not think that such a difference is of any consequence in this case. It is true that the Family Court had jurisdiction before the Supreme Court entered the case, but section 466 of the Family Court Act has been construed by the *259 Appellate Division as limiting the jurisdiction of the Family Court to enforce or modify the Supreme Court order. If this court cannot entertain a new petition for support, it should not entertain an application to enforce the prior order in this case.
Therefore, petitioner’s application is denied without prejudice to pursuing her remedy in the Supreme Court. The order of support is vacated (Family Ct. Act, § 451). Arrears, if any, which accrued up to February 8, 1966, the effective date of the alimony court order, are held in abeyance pending the final determination of the action in the Supreme Court. Arrears which accrued after February 8, 1966 are cancelled (Family Ct. Act, § 458).