Raymond E. Aldrich, Jr., J.
Brian Medici, the respondent, brings this proceeding for the modification of an order made May 19,1965, in a support proceeding brought under sections 412 and 413 of the Family Court Act in which he was found chargeable with the support of Lorelei Medici, his wife, petitioner, and child, Arionne M. Medici, born February 2, 1964, and in which he was ordered to pay $20 a week for their support and maintenance.
*827 In this modification proceeding, respondent alleges that his wife, Lorelei Medici, obtained an annulment from him on May 19, 1966, one year subsequent to the order, and therefore he should not now be responsible for her support. Accordingly he asks that the order heretofore made be modified so as to provide support for his child only in the amount of $10 a week.
At the hearing for modification, both parties testified and the wife was represented by counsel.
Since this court has continuing jurisdiction over any support proceeding until its judgment is completely satisfied, it may modify any order issued in the course of such proceeding (Family Ct. Act, § 451). This power should only be exercised in the discretion of the court on proof of intervening material change of circumstances occurring since the prior order was made (Reiss v. Reiss, 23 A D 2d 692). To permit the modification of a court order except through appeal or through such material change of circumstances would make every order uncertain and in effect a temporary one, thereby destroying any semblance of finality in the court order. To permit otherwise would foster continual relitigation concerning a matter fully resolved.
The obligation of a husband to support his wife under section 412 of the Family Court Act is based upon the existence of a valid marriage. Jurisdiction of the court is always subject to the attack that such a marital relation does not exist. (Matter of Carter v. Carter, 19 A D 2d 513; Fishberg v. Fishberg, 16 A D 2d 629; Matter of Fleishcher v. Fleischer, 24 A D 2d 667.) While this requisite relationship existed when the order in question was made it does so no longer. Should this mean Family Court has now been deprived of jurisdiction formerly enjoyed under section 412? The question is answered in the affirmative. The annulment dissolving the marriage destroyed the foundation upon which this court originally based its order and upon which the order continually rested. The wife elected the Supreme Court as her forum to litigate the question of her support. The former wife is not now entitled to alimony under section 412 and accordingly that portion of the order granting the same must now be vacated.
While relief can no longer be afforded this former wife under section 412 of the Family Court Act in view of her annulment, she may have been or is entitled under section 236 of the Domestic Relations Law to alimony which can be enforced under subdivisions (a) or (c) of section 466 of the Family Court Act, assuming, however, the Supreme Court did not retain exclusive jurisdiction of such matter (Family Ct. Act, § 466 (subd. [b]). The annulment decree involved in this matter was not intro *828 duced into evidence, and therefore this court is unable to ascertain from the record whether alimony or support was awarded and such relief is available to her under the appropriate provisions of section 466. (see Palmore v. Palmore, 19 A D 2d 845; Matter of Doe v. Doe, 50 Misc 2d 255.)
While section 462 of the Family Court Act provides that a Family Court order for support of a child terminates when the Supreme Court makes an order in an action for annulment providing for the support of the child, unless the Supreme Court continues the order of the Family Court, since this court is unable to ascertain whether provision was made therein for the support of the child, and since respondent in his modification application asks that the order be reduced to provide only for the support of the child, this court will not assume under the circumstances that the Supreme Court even made an order of support for the child. Therefore, this court will continue to assume jurisdiction so as to provide support for the child until such time as the Supreme Court acts.
When the order of May 19, 1965, was made the respondent-husband, Brian Medici, was employed at a bank making $60 to $64 a week. While he is still so employed, currently with a take-home pay of $80 a week, he has remarried since the annulment, and must now support one child born of his new union. He estimates conservatively his weekly requirements for his present family are food $30, and electricity at $10 a month, with rent at $115 a month, plus other expenses he is presumed to incur. He testified his present wife is not employed.
Petitioner wife, Lorelei Medici, was not presently employed, but she anticipated going to New York to be employed as a model earning $92 a week. She estimated she needed $20 to $25 a week for food and subsistence for herself and the child.
While it appears from the foregoing testimony, that respondent husband, Brian Medici, has increased his earning capacity, it also appears that he has assumed additional obligations having remarried and acquired a child. Both of these events may have been imprudent under his financial circumstances, however, these facts have occurred and this court cannot ignore the truth of the situation. A material change of circumstances has occurred in respondent husband’s financial situation since the entry of the order sought to be modified, one which might militate to an increase in the order and the other to a decrease. Upon the record, this court concludes that the sum which the respondent husband should be required to pay for the support and maintenance of the child, Arionne M. Medici, is the sum of $10 a week.
*829 The determination made herein modifying the order of May 19, 1965, so as to eliminate support for the wife is made without prejudice to the institution of a new proceeding for alimony and support for the wife under section 466 of the Family Court Act, if permissible.
In accordance with the foregoing, the order of this court made May 19, 1965, will be so modified to provide for payment of $10 a week for support of the child, effective immediately, and arrears, if any, held in abeyance subject to further order of the court.