Joseph A. Dorah, J.
The petitioner seeks enforcement of an order for' support of wife previously made and entered in this proceeding under article 4 of the Family Court Act (§ 411 et seq.). ...
... The record in the case — of which the court may take judicial notice — shows that the proceeding was commenced on or about October 22, 1968. No order was made, however, until June 30, 1969, when the wife was awarded $25 a week. Thereafter, on July 9, 1969, she complained that the respondent was making payment directly to her rather than through the court. Next, on August 14,1969, the respondent was sentenced to 60 days for violation of an order of protection herein. Finally, on March 6, 1970, the petitioner made a complaint with respect to arrears — now before the court — and stated that she had received only $100 since August, 1969.
However, on or about September 17,1969, the petitioner commenced an action for divorce against her husband in the Supreme Court, New York County. On November 6, 1969, she moved for alimony pendente lite, and the respondent applied for change of venue to Bronx County. The motion for temporary alimony was denied on November 28,1969, “ with leave to renew upon a demonstration of plaintiff’s income, assets and needs ”. The order on said decision was not settled until March 25, 1970, and provided that the denial of temporary alimony was ‘ ‘ with *253 out prejudice to renewal in the proper forum, namely Bronx County Trial Part It was further provided that “ this order or decree may be enforced or modified only, in the Supreme Court ’ ’. There was no reference in the decision or order aforesaid to the proceeding in this court.
The petitioner is plainly engaged in ‘ ‘ forum shopping ’ ’ already condemned by this court (see Matter of Lazar v. Lazar, 61 Misc 2d 36). Our jurisdiction has been pre-empted and superseded by the Supreme Court in the wife’s action for divorce. The priority of proceeding and a pre-existing order of support in this case makes no difference (Matter of Doe v. Doe, 50 Misc 2d 255).
As already noted, the Supreme Court has reserved the matter of support for the Trial Judge in the matrimonial action between the parties. This court would have jurisdiction to make or continue an order of support herein only if the petitioner were likely to become in need of public assistance (Family Ct. Act, § 464). She is not a public charge, nor likely to become in need of public assistance. The petitioner is employed and a joint owner of income producing properties. An application for public assistance was, in fact, denied to the petitioner as not qualified for benefits.
It appears that the respondent has made no payments on the order through court. The arrears have accumulated on the records of the Support Bureau over the period since commencement of the wife’s action for divorce in September, 1969, during which interval she admittedly received $100 from the respondent in direct payments. Under the circumstances, therefore, the court cancels the so-called “ book arrears” herein (Family Ct. Act, § 458) and vacates the order of support in the exercise of its continuing jurisdiction (Family Ct. Act, § 451).
The petition is dismissed, without prejudice to such other and further proceedings as the petitioner may be advised after judgment and decree in her action for divorce from the respondent (see Family Ct. Act, § 466).