Hugh E. Elwyh, J.
In a proceeding for support under . article 4 of the Family Court Act this court on December. 14, 1972 made an order of support requiring the respondent to pay $100 per week for the support of his wife and three children.
Thereafter and on or about January 2, 1973 the petitioner commenced an action for divorce in the Supreme Court and on February 2, 1973 moved in the Supreme Court for an allowance of alimony pendente lite in the amount of $150 per week and support for the three children in the amount of $75 per week for a total of $225 per week; exclusive use and occupancy of the marital home, custody of the minor children, the use of an automobile and for counsel fees. That motion is pending undetermined in the .Supreme Court.
For six weeks the respondent paid the sum of $100 per week pursuant to the Family Court order, but since the petitioner made her motion in Supreme Court for temporary alimony and counsel fees has made no further payments and is now $400 in arrears. In thisx posture of the case the question is presented whether the Family Court should take any action to enforce compliance with its order. .
If the Supreme Court makes an order for support of the children in the pending matrimonial action such an order will automatically terminate the Family Court order, unless the Supreme Court continues the order of the Family Court (Family Ct. Act, § 462). Although no similar provision exists in the statute covering the situation when a Family Court order exists providing for the support of a wife, and subsequently the Supreme Court enters an order providing for alimony for the wife, it has been held that the effect of making such an order by the .Supreme Court in the matrimonial action is to terminate the Family Court order (Matter of Doe v. Doe, 50 Misc 2d 255).
IA the Supreme Court does make an order for temporary alimony, the Family Court may not entertain a support proceeding other than one brought pursuant to subdivision (c) of sectipn 461 of the Family Court Act to enforce the Supreme Court order (Matter of Palmore v. Palmore, 19 A D 2d 845) or entertain an application to enforce a prior order of the Family Court (Matter of Doe v. Doe, 50 Misc 2d 255, 259, supra).
At the date of the hearing on the petitioner’s application for enforcement of the Family Court order the Supreme Court had not yet determined the petitioner’s motion for temporary *586 alimony or counsel fees or made any order with respect thereto. Nevertheless, by moving in the divorce action now pending in the Supreme Court for temporary alimony, the petitioner has effectively divested the Family Court of jurisdiction to enforce its order (Matter of Doe v. Doe, supra; Matter of Lopez v. Lopez, 63 Misc 2d 252).
In Matter of Lopez, the petitioner after she had secured a support order in the Family Court commenced an action for divorce in the Supreme Court and moved for alimony pendente lite which was denied. The Family Court of Bronx County refused to enforce the support order it had previously made and in criticism of the practice said (p. 253): “ The petitioner is ‘plainly engaged in ‘ forum shopping ’ already condemned by this court (see Matter of Lazar v. Lazar, 61 Misc 2d 36). Our jurisdiction has been pre-empted and superseded by the Supreme Court in the wife’s action for divorce. The priority of proceeding and a pre-existing order of support in this case makes no difference (Matter of Doe v. Doe, 50 Misc 2d 255).”
If the petitioner is caught in a hiatus between the respondent’s failure to comply with this court’s order and the effective date of any order for temporary alimony which she may secure from the Supreme Court, it is simply one of the unfortunate concomitants of the fragmented jurisdiction which, in spite of court reorganization, still persists.
In commenting upon a similar situation presented in Matter of Doe v. Doe (50 Misc 2d 255, 257, supra), the Family Court Judge of New York County made the following observations “ Further,” he said, “ it should be remembered that the petitioner’s predicament and the conflict that is presented in this case between the jurisdiction of the Family Court and the Supreme Court is of petitioner’s own making, because the order for alimony was entered on her own motion, while she. already had an order of support in this court.
11 The petitioner did not have to apply for alimony in the Supreme Court; although she had a perfect right to do so. But once she applied for it, she elected the Supreme Court as her forum to litigate the question of her support, and she should be held to her election. There is no reason why the respondent should have to defend his wife’s complaint in two different Courts and be exposed to double legal expenses: Having elected her own forum, petitioner should not be heard to complain.”
This court would have “jurisdiction to make or continue an order of support herein during the pendency of the matri *587 monial action only if the petitioner were likely to become in need of public assistance or cafe (Family Ct. Act, § 464, subd. [b]; Matter of Hughes v. Hughes, 56 Misc 2d 781; Matter of Lopez v. Lopez, 63 Misc 2d 253, supra). She is not now a public charge, nor likely to become in need of public assistance. She occupies the marital residence and, according to an affidavit filed by the respondent in opposition to the petitioner’s motion for temporary alimony, has access to savings accounts totaling nearly $10,000. Although the petitioner was a recipient of public assistance from October, 1972 through January, 1973, her case has been closed at her own request and she returned to the Department of Social Services the second check received for the month of January.
Accordingly, the court declines to entertain the petitioner’s application to enforce the prior support order of this court, without prejudice to such other and further proceedings as she may be advised to pursue after judgment and decree in her action for divorce from the respondent (see Family Ct. Act, § 466).