■ ELAINE MELLEN, Respondent, v. JACK MELLEN, Appellant.— In an action in which a judgment of the Supreme Court, Kings County, was entered July 30, 1974, granting defendant a divorce on his counterclaim, following a nonjury trial, defendant appeals from so much of the judgment as directed that he shall reimburse any social service agency to the extent that it provides support to plaintiff on the basis of her being a public charge. Judgment reversed insofar as appealed from, on the law, without costs. The judgment of divorce was based upon cruel and inhuman treatment (Domestic Relations Law, § 170, subd. [1]). The ninth decretal paragraph thereof provides, *inter alia*: " ORDERED, ADJUDGED AND DECREED, that commencing with the date of entry of judgment, the defendant is to reimburse any Social Service agency to the extent that it provides support to the plaintiff on the basis of plaintiff being a public charge ". It is beyond cavil that section 236 of the Domestic Relations Law negates the obligation of a husband to pay alimony to a wife where he has obtained a divorce based upon her misconduct (*Hessen* v. *Hessen*, 33 N Y 2d 406, 410–411; *Votta* v. *Votta*, 40 A D 2d 532; *Math* v. *Math*, 39 A D 2d 583, affd. 31 N Y 2d 693; *Smith* v. *Smith*, 60 Misc 2d 692). Although the amount which defendant might have to pay to any social services agency is, undoubtedly, smaller than alimony he would have had to pay had plaintiff succeeded in obtaining a separation and a later divorce, the above-quoted provision nevertheless constitutes a *form* of alimony. The effect is the same, whether defendant pays the sums directly to plaintiff or through a third party. The decretal paragraph in question circumvents the provisions of section 236 of the Domestic Relations Law by providing by indirection that which the court could not provide directly. Any change with respect to the statutory provisions under which a man is held responsible, directly or indirectly, for the support of his wife, or ex-wife, as in the case at bar, can be brought about only by the Legislature (see *Hessen v. Hessen, supra*, p. 412). Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.