Alfred J. Weiner, J.
Petitioner wife, a recipient of public assistance, filed a petition in this court under article 4 of the Family Court Act, which charged respondent husband with her support. A hearing was held and it was adjudged that the respondent was found chargeable for the support of petitioner and was partially able to provide that support. On September 22, 1972, the respondent was ordered to pay $20 per week for the support of the petitioner. Payments were directed to be made to the Department of Social Services as reimbursement for sums being advanced to petitioner due to respondent’s inability to provide adequate support.
Thereafter, on October 4, 1974, the Supreme Court of the State of New York, County of Rockland granted a divorce to the respondent based upon cruel and inhuman treatment by the petitioner. The decree of divorce, pursuant to stipulation of the parties stated, in relevant part, that "the plaintiff shall *104 pay to the defendant, by check or money order, to be paid to her attorney, the sum of $500.00 in full payment of any and all counsel fees, any and all orders of which none are known and there are none, and in payment of all alimony that may be outstanding at this time, and that no further alimony payments will be made or required by the defendant”.
As of the date of entry of the decree of divorce there were outstanding arrears of $1,860, due the Department of Social Services. It does not appear that the Supreme Court was provided with all the facts and circumstances as to the Family Court order. Respondent husband now seeks to have all outstanding arrears formally vacated in this court.
The Department of Social Services has appeared in this proceeding and argues that the respondent was held chargeable for the support of petitioner prior to the entry of the decree of divorce, and that since he failed to make payments as ordered, the Department of Social Services is entitled to reimbursement for its previous expenditures on behalf of petitioner.
The respondent takes the position that the parties had the right to enter into the stipulation regarding the waiver of alimony, which formed the basis of the decree and further argues that the Department of Social Services is without standing before this court.
When the Supreme Court decides questions of alimony, it supersedes Family Court orders of support. If the Supreme Court also addresses itself to questions of arrears due, the Family Court’s jurisdiction is likewise pre-empted. (Matter of Doe v Doe, 50 Misc 2d 255; Matter of Medici v Medici, 53 Misc 2d 826.)
In a similar, although clearly distinguishable case, the Supreme Court, Kings County, after granting the husband a divorce under circumstances where the wife would not be entitled to alimony, made an order directing him to reimburse the social services agency to the extent that it provided support to the wife on the basis of her being a public charge. In reversing the lower court, the Appellate Division characterized the effect as the same whether the sums were paid directly to the wife or through third party. (Mellen v Mellen, 46 AD2d 790.)
This court finds that the arrears due under its order of September 22, 1972, have been vacated by the subsequent Supreme Court decree. Therefore, the proper forum for the *105 Department of Social Services would be in the Supreme Court and not this Family Court. For this court to declare the arrears reimbursement payments and not alimony would be incorrect. (See Mellen v Mellen, supra.)
It seems inequitable to this court that a husband who has been ordered to support his wife can avoid his obligation because of the fragmentation of jurisdiction between the Family Court and Supreme Court. It seems equally unfair that the community, through its Department of Social Services, should be forced to bear the expense of support of a wife although the husband is financially capable of meeting that burden.
This case illustrates the great need for legislation making it mandatory to give the Department of Social Services notice in matrimonial proceedings where a party is a recipient of welfare assistance.
Motion granted. The order and arrears are vacated.