■ In the Matter of MARGARITA ALMEIDA, Respondent, v JACK ALMEIDA, Appellant. — In a proceeding for an upward modification of a prior order of support, the husband appeals from an order of the Family Court, Rockland County, dated July 23, 1980, which granted the petition. Order affirmed, with $50 costs and disbursements. On September 10, 1979 the Family Court, Rockland County, made an order of support, directing the husband to pay the sum of $60 per week for the support of his wife and two children. Subsequently, the husband commenced an action for divorce in the Supreme Court, Rockland County. The wife counterclaimed for divorce and, by notice of motion dated March 23, 1980, she moved for an order granting temporary alimony, child support and a counsel fee. In the interim, the husband refused to pay the utility bills and the electricity and heat were turned off in the marital residence. On April 21, 1980 the wife filed a petition in the Family Court to modify the order of support dated September 10, 1979, so as to direct the husband to pay the mortgage, taxes, and utilities on the marital residence and to pay the medical and dental expenses of his dependents. A hearing was conducted on May 20 and July 1, 1980 and the requested relief was granted by the Family Court in an order dated July 23, 1980. Apprised of the fact that a hearing had commenced on the modification petition in the Family Court, the Supreme Court, in an order dated June 2, 1980, denied the wife's motion for temporary alimony and child support in light of the extant order of support and the proceeding pending in the Family Court seeking the same or similar relief. The Family Court lacks jurisdiction to modify a prior order of support during the pendency of a subsequent matrimonial action in the Supreme Court, unless either the Supreme Court refers the matter to the Family Court or there is a showing that petitioner is likely to become in need of public assistance. (Family Ct Act, § 464, subd [b]; see *Montes v Montes,* 54 AD2d 627; *Matter of Lo Casto v Lo Casto,* 45 AD2d 712; *Lapiana v Lapiana,* 67 AD2d 966; *Matter of McDonald v McDonald,* 73 Misc 2d 584.) In its order dated June 2, 1980, the Supreme Court impliedly deferred the exercise of its jurisdiction over the issue of temporary support of the husband's dependents in favor of the Family Court's determination of said issue. Cognizant of the Supreme Court order, the Family Court continued the hearing and made an order granting the relief requested in the support modification petition. Under these circumstances, the Supreme Court order dated June 2, 1980 is equivalent to an order of referral and satisfies the mandate of subdivision (a) of section 464 of the Family Court Act. Therefore, the Family Court had jurisdiction to

make the order dated July 23, 1980. We find the husband's other contentions to be without merit. Hopkins, J.P., Lazer, Gibbons and Cohalan, JJ., concur.