OPINION OF THE COURT
David O. Boehm, J.
The plaintiff, Lucy M. Lanzatella, in this motion seeks various forms of relief associated with a pending divorce action. Except for the single issue remaining, all were resolved on the motion’s return day at oral argument.
The remaining question involves plaintiff’s motion for an order from this court enforcing a Family Court order, granted December 29,1976, directing, inter alia, the defendant to pay plaintiff $20 a week as child support, $145 per week as maintenance and to pay her medical and dental bills. Plaintiff claims that, beginning in 1982, defendant paid only $100 per week maintenance, $45 less than the sum ordered by Family Court and, in addition, completely missed several weekly payments. Plaintiff further alleges that $2,100 in medical and dental bills which she incurred *877 have not been paid by the defendant. Plaintiff now requests an order directing the defendant to comply with the Family Court order, to pay the accumulated arrears, and to reimburse plaintiff for all medical and dental bills paid by her to date.
Defendant admits that after September 17, 1982 he began paying plaintiff less than the full amount of maintenance ordered, but this was because he had continued to pay plaintiff $20 per week in child support through July 29, 1977, more than one year after their son had become 21. The Family Court order directed defendant to pay child support until the son’s 21st birthday, which fell on July 3, 1976.
In his affidavit, defendant sets forth a multitude of factual arguments as a basis for cross relief reducing his maintenance to $50 a week. However, section 236 of the Domestic Relations Law requires a formal application for such relief; an affidavit alone is insufficient (see Gottlieb v Gottlieb, 50 AD2d 921). Accordingly, defendant’s application is denied, without prejudice.
Both section 244 of the Domestic Relations Law and section 460 of the Family Court Act contain essentially the same mandatory provision regarding enforcement of support orders. Each provides that where a party defaults on payment of support obligations required by court order, “the court shall make an order directing the entry of judgment for the amount of such arrears together with costs and disbursements unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears” (Domestic Relations Law, § 244; emphasis added; see, generally, Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 460, pp 421-423).
Section 451 of the Family Court Act gives Family Court continuing jurisdiction over any support proceeding brought before it until its judgment is completely satisfied. In addition, section 411 grants Family Court exclusive original jurisdiction over proceedings for support and maintenance. Of course, Supreme Court would have constitutional concurrent jurisdiction over any matter within *878 the jurisdiction of Family Court (NY Const, art VI, § 7). Thus the phrase “exclusive original jurisdiction” is merely precatory and not mandatory (Kagen v Kagen, 21 NY2d 532, 537; see, generally, Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 411, p 12). Furthermore, the mere filing of a matrimonial action in Supreme Court coupled with, for example, a request for temporary maintenance, is sufficient to oust Family Court of jurisdiction to enforce its own order (see Matter of McDonald v McDonald, 73 Misc 2d 584; Matter of Doe v Doe, 50 Misc 2d 255; see, generally, Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 434, p 247).
In this case the plaintiff is not merely seeking a judgment to enforce the support order of Family Court, but is also seeking other relief in association with a pending divorce action. The statutes for enforcement of support orders applicable to both Family Court and Supreme Court contain the same mandatory language, permitting no discretion unless the defaulting party has shown good cause for failure to make application for relief from the support order prior to the accrual of the arrears.
Defendant neither previously moved for a modification of the Family Court order nor showed good cause for not having done so. Accordingly, judgment for the arrears must be awarded to the plaintiff. Although Family Court clearly has jurisdiction to do so, it has, according to plaintiff, withheld such relief until the divorce action is no longer pending in Supreme Court. This means that the plaintiff must wait until the divorce action is finally ended for her claim for the arrears to be reduced to judgment.
That the arrears up to August 23,1980 amount to $5,215 is without question. The claim by defendant that his support payments beyond the child’s 21st birthday should be credited against these arrears may not be raised in this motion because of his prior failure to seek modification. Both section 244 of the Domestic Relations Law and section 460 of the Family Court Act preclude him from doing so. Accordingly, the granting of judgment for the arrears is mandatory. Unless this court acts, the plaintiff will be forestalled from collecting moneys justly due her at the *879 present time. Regrettably, the Family Court Act is silent on the question of what happens to a pre-existing order of support for a spouse. Occasionally, use has been made of section 462 of the Family Court Act, which terminates a Family Court order requiring child support when the Supreme Court makes its own child support order, unless the Family Court order has been continued (see Matter of Doe v Doe, 50 Misc 2d 255, supra). In this case, no such order has been made.
If, as defendant argues, Supreme Court has exclusive jurisdiction once a matrimonial action commences, should it not be empowered in some way to give relief in some form so as to enable a party with an award previously made by Family Court to obtain, rather than to delay, the benefit of such an award. It would seem that if Supreme Court may transfer jurisdiction of matters involving support and maintenance to Family Court after the divorce has been granted (Family Ct Act, § 466), it may by like power and in order to avoid inequity, refer to Family Court an award previously made by it for the sole ministerial purpose of entering a judgment upon that award.
It is a rule of necessity which does not give Family Court continuing jurisdiction in violation of the statute, but simply enables it to perfect its own prior mandate. Unlike Matter of Lopez v Lopez (63 Misc 2d 252), this is not a case of “forum shopping” and Family Court is not pitted against Supreme Court in exercising the minimal discretion required to grant a judgment of arrears upon an order it had previously granted. Although the “fragmented jurisdiction” criticized by the court in Matter of McDonald v McDonald (73 Misc 2d 584, 586, supra) still exists, it would seem to be a court’s obligation to reduce the unfortunate consequences which flow from such fragmentation rather than to deplore it. Surely no harm is done to the coexisting forums by tailoring some relief for a party who is clearly entitled to such relief and who has no comprehension why arrearages plainly due her pursuant to a court order may not be reduced to judgment by that court.
It is further significant that the reason the Family Courts in Matter of McDonald v McDonald (supra) and Matter of Lopez v Lopez (supra) refused to accept continu *880 ing jurisdiction does not exist here. Although plaintiff has made an application in Supreme Court for certain sums of money, they are in the nature of payment for the services of an appraiser and an accountant and for maintenance of existing insurance coverage. The motion does not request either maintenance or child support. Indeed, its emphasis is upon the accumulated arrears arising under the Family Court order and for the reimbursement of medical and dental bills required to be paid thereunder. Thus, there is no indication that the plaintiff has abandoned the relief obtained in Family Court; all the more reason for such relief to be enforced there (see Magner v Magner, 144 Misc 740, affd 240 App Div 894; Matter of Magner v Smyth, 144 Misc 840).
However, if there is any doubt as to the right of plaintiff to make an application in Family Court, such doubt may be eliminated by subdivision (a) of section 464 of the Family Court Act which authorizes Supreme Court on its own motion to refer to Family Court an application for temporary or permanent support or for maintenance or disposition of marital property. This court views the accumulated arrears for support as falling well within the intent and purpose of section 464 and orders plaintiff’s application to Family Court accordingly.