■ In the Matter of LINDA D. LANESE, Appellant, v JOSEPH J. LANESE, Respondent. [620 NYS2d 185] —Peters, J. Appeal from

an order of the Family Court of Albany County (Tobin, J.), entered February 17, 1993, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, to find respondent in violation of a prior order of support.

The parties were married on April 30, 1978, had no children from their union, and by February 1, 1982 entered into a separation agreement which specifically waived maintenance and support by either party. On April 26, 1982, petitioner filed a spousal support petition in Rensselaer County Family Court alleging, in part, that if she did not receive the relief requested, she would be forced to become a public charge. On August 31, 1982, Family Court directed a permanent order of spousal support, payable by respondent, in the amount of $50 per week.

An action for divorce was thereafter commenced in Supreme Court, Albany County, and a judgment of divorce was granted to respondent on May 19, 1983. The judgment incorporated the terms of the parties' separation agreement and further provided that either party could institute an action for equitable distribution within 30 days of entry of the judgment. Despite being represented by counsel, petitioner neither commenced such proceeding nor took any action to ensure that the judgment of divorce incorporated Family Court's order of support.

On December 19, 1991, respondent filed a petition seeking a downward modification of the Family Court order alleging a change in circumstances. On January 6, 1992, the Rensselaer County Support Collection Unit, on behalf of petitioner, filed a petition against respondent alleging a willful violation. Respondent thereafter filed a motion to vacate such support order due to the relief granted in the judgment of divorce. By decision dated December 15, 1992, the Hearing Examiner determined that the order of August 31, 1982 did not survive the judgment of divorce. The order was therefore terminated and all arrearages exonerated. Family Court affirmed the decision of the Hearing Examiner and petitioner appeals.

The order of Family Court vacating the prior support order was in all respects proper. Upon the entry of the divorce judgment by Supreme Court, all prior support orders of Family Court became null and void in the absence of Supreme Court's adoption and incorporation of those orders in the divorce judgment *(see, Matter of McDonald v McDonald,* 73 Misc 2d 584; *Matter of Doe v Doe,* 50 Misc 2d 255). Since in this case Supreme Court did not incorporate the spousal

support order in the divorce judgment, the jurisdiction of Family Court to modify and/or enforce such obligation was terminated *(see,* Family Ct Act § 412; *Voss v Voss,* 54 AD2d 1032; *Trazzi v Trazzi,* 49 AD2d 954; *Matter of Aletha Butts "MM" v Donald Melvin "MM",* 39 AD2d 995; *cf.,* Family Ct Act § 466), even in the circumstances where an ex-spouse may become a public charge *(see,* Family Ct Act § 415; Social Services Law § 101 [1]).

Accordingly, since the obligation for support pursuant to Family Court Act article 4 presupposes a valid marriage, the "foundation upon which [the Family Court] originally based its order and upon which the order continually rested" *(Matter of Medici v Medici,* 53 Misc 2d 826, 827; *see, Weaver v Weaver,* 72 AD2d 221), ceased to exist *(see, Matter of McDonald v McDonald, supra; Matter of Doe v Doe, supra).*

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.