In the Matter of JESSICA M. HUTCHISON, Appellant, v ALBERT J. PIRRO, Respondent. [783 NYS2d 381]—

In a support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, West-

chester County (Morales-Horowitz, J.), entered March 18, 2003, which denied her objections to an order of the same court (Kava, H.E.), entered January 30, 2003, which dismissed her petition for enforcement of a judgment of the Indiana Superior Court, dated July 6, 2000, and for an upward modification of a child support award issued by that court.

Ordered that the order is affirmed, without costs or disbursements.

The main issue on appeal is whether the Westchester County Family Court had subject matter jurisdiction to entertain the appellant's petition for enforcement of an Indiana judgment and upward modification of a child support award issued by the Indiana Superior Court. The Full Faith and Credit for Child Support Orders Act (hereinafter the FFCCSOA), codified at 28 USC § 1738B, and the Uniform Interstate Family Support Act (hereinafter the UIFSA), adopted in New York as article 5-B of the Family Court Act, are applicable to the instant case. FFCCSOA and UIFSA both grant "continuing exclusive jurisdiction over" a child support order to the state that issued the order (*see* 28 USC § 1738B [d]; Family Ct Act § 580-205 [a], [d]). As relevant herein, the issuing state loses such jurisdiction where none of the parties or children continue to reside in that state (*see* 28 USC § 1738B [e] [2] [A]; Family Ct Act § 580-205 [a] [1]; *Matter of Daknis v Burns,* 278 AD2d 641, 643 [2000]; *Matter of Reis v Zimmer,* 263 AD2d 136, 143 [1999], *amended* 270 AD2d 968 [2000]) or when all of the parties file written consents to allow another state to assume continuing, exclusive jurisdiction over the order (*see* 28 USC § 1738B [e] [2] [B]; Family Ct Act § 580-205 [a] [2]; *Matter of Daknis v Burns, supra* at 643-644; *Matter of Reis v Zimmer, supra* at 143).

The instant Westchester County Family Court proceeding was filed by the appellant on August 1, 2002. The petition states that "petitioners are temporary residents in the State of Georgia, having resided in said state for three months." However, in letters sent by the appellant to the Office of Child Support Enforcement in Albany dated July 19, 2002, and to the Clerk of the Westchester County Family Court dated July 27, 2002, the appellant's return address is stated as 4808 Mindy Drive, Indianapolis, Indiana. Moreover, the appellant's Family Court petition states that there was an Indiana enforcement proceeding brought by her against the respondent then pending.

On August 21, 2002, the appellant attempted to terminate the Indiana proceeding by filing a notice to terminate. The Indiana Superior Court nonetheless proceeded with a hearing on August 23, 2002. The appellant failed to appear. By order dated

August 23, 2002, the Indiana Superior Court, "affirmed its jurisdiction over these matters" and, inter alia, granted the respondent's motion to deny the appellant's motion for enforcement. The Indiana Superior Court also permitted the respondent an opportunity to respond to the appellant's notice to terminate. Thereafter, on October 17, 2002, the respondent filed two petitions in the Indiana Superior Court seeking orders determining that the child was emancipated and adjudicating the appellant in contempt, respectively. Hearings on those petitions were set for February 28, 2003.

On November 25, 2002, the respondent moved to dismiss the instant proceedings before the Family Court Hearing Examiner. By decision and order dated January 30, 2003, citing the August 23, 2002, Indiana Superior Court proceedings and, specifically, the Indiana Superior Court's confirmation of its jurisdiction on August 23, 2002 (subsequent to initiation of the instant proceeding on August 1, 2002), the instant petition for enforcement and modification was dismissed for lack of jurisdiction. Objections were filed and, by order entered March 18, 2003, the Family Court found "that the appellant's service of the objections was defective, and in any event, the Hearing Examiner correctly declined to exercise the jurisdiction of the Family Court over the matter, stating that it is yet to be determined in the Indiana Court. Indiana retains continuing, exclusive jurisdiction at this time."

By order dated March 13, 2003, five days prior to the Family Court's order entered March 18, 2003, the Indiana Superior Court deemed the appellant's notice to terminate a motion to dismiss and granted it, finding that it no longer had jurisdiction and dismissing all issues then before it. The order was sent by appellant by facsimile to the Westchester County Family Court on March 18, 2003, the same date that the Family Court denied the appellant's objections.

Unquestionably, when the Westchester County Family Court proceeding was commenced on August 1, 2002, subject matter jurisdiction was vested solely in the Indiana Superior Court. Indeed, the appellant had acknowledged such circumstance by initiating the enforcement proceedings in Indiana in May, 2002. As noted, the Indiana Superior Court expressly confirmed its jurisdiction on August 23, 2002, and, at that juncture, effectively rejected the appellant's effort to discontinue (i.e., by filing the notice to terminate) proceedings she had initiated there. When the Family Court heard the instant proceeding on October 23, 2002, the Indiana proceedings were pending and, upon such factual predicate, the Family Court Hearing Examiner correctly

determined, inter alia, that there was no subject matter jurisdiction. The March 13, 2003, determination of the Indiana Superior Court that it no longer had jurisdiction followed the filing of objections herein. The Family Court's denial of the objections was proper on the record then presented and known to it. New York did not have subject matter jurisdiction at the time of commencement of the New York proceeding.

The appellant's belated attempt to apprise the Family Court of the ultimate disposition of the Indiana Superior Court proceeding by faxing a copy of the Indiana Superior Court's March 13, 2003, determination on the very date the Family Court issued its ruling was unavailing. The Indiana Superior Court's ruling was not part of the record upon which the Family Court's March 18, 2003, order was made.

Faced with the reality that Indiana was no longer exercising jurisdiction, the appellant should have moved to renew her application to the Family Court upon the issuance of its March 18, 2003, order. Alternatively, the appellant could have initiated a new Family Court proceeding. The appellant did neither and her failure to do so cannot be rectified. At the time of the issuance of its order entered March 18, 2003, the Family Court was unaware of Indiana's declination of jurisdiction. Accordingly, the order is affirmed. Santucci, J.P., Schmidt, Rivera and Lifson, JJ., concur.