In the Matter of GEORGE HERNANDEZ, Appellant, v KATHRYN HERNANDEZ, Respondent. [789 NYS2d 364]—

Appeal from an order of the Family Court, Cattaraugus County (Larry M. Himelein, J.), entered July 14, 2003 in a proceeding pursuant to Family Court Act article 4. The order denied petitioner's objections to the order of the Hearing Examiner that dismissed the petition for failure to state a cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner appeals from an order of Family Court denying his objections to the Hearing Examiner's order dismissing his petition for failure to state a cause of action. The petition had sought the termination of a prior order of spousal support, granted by Family Court during the pendency of a Supreme Court action for the divorce of the parties, on the sole ground that the parties had since been divorced and that

petitioner thus should no longer be required to support respondent. On appeal, petitioner contends that Family Court lacked subject matter jurisdiction to enforce the prior order of spousal support following entry of the divorce judgment, and that the court should not have dismissed the petition without conducting a hearing and without requiring respondent to make compulsory financial disclosure.

We reject petitioner's contentions. Family Court possessed the requisite jurisdiction and authority to enter an order of spousal support or maintenance during the pendency of the divorce action and also to entertain (and deny) a subsequent petition for modification or termination of support (*see* Family Ct Act §§ 411-413, 442-443, 451, 464, 466; *see also* CPLR 302 [b]). The divorce decision and judgment make clear that Supreme Court did not oust Family Court of its concurrent jurisdiction over matters of spousal support and maintenance and did not issue a maintenance directive contravening and hence supplanting Family Court's prior order of spousal support (*see Mercer v Mercer*, 4 AD3d 508, 510 [2004], citing *Matter of Collier v Collier*, 18 AD2d 703 [1962]; *Varney v Varney*, 178 Misc 165, 167 [1942]). To the contrary, the divorce decision and judgment implicitly incorporated and thus continued in effect the Family Court order of spousal support as one for maintenance (*see Matter of Almeida v Almeida*, 81 AD2d 583, 583-584 [1981]; *cf. Matter of Lanese v Lanese*, 210 AD2d 755, 756 [1994], *lv denied* 85 NY2d 805 [1995]; *Matter of McDonald v McDonald*, 73 Misc 2d 584, 585 [1973]; *Matter of Doe v Doe*, 50 Misc 2d 255 [1966]). They did so by referring to that prior order and further directing petitioner to keep a certain life insurance policy in force until he had "fulfilled" his child support and "maintenance" obligations, as imposed by the Family Court order. Under the circumstances, Family Court did not err in disposing of the matter without conducting a hearing and without enforcing petitioner's right to compulsory financial disclosure by respondent (*see* Family Ct Act § 424-a).

Although we affirm the order appealed from, we note that petitioner may petition anew to modify his obligation to support respondent on the basis of a change of circumstances warranting a reduction or termination of that obligation (*cf.* Family Ct Act § 466 [c] [ii]). Present—Scudder, J.P., Kehoe, Gorski, Martoche and Smith, JJ.