■ In the Matter of JOAN BATESOLE-HARMER, Appellant, v ROBERT D. BATESOLE, Respondent. [813 NYS2d 738]—

In a support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Edlitz, J.), entered April 1, 2005, as denied her objections to an order of the same court (Kava, S.M.), entered January 25, 2005, which vacated that portion of an order of the same court (Kava, S.M.), dated March 19, 2003, which modified the support provisions of the parties' judgment of divorce.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Full Faith and Credit for Child Support Orders Act (hereinafter the FFCCSOA), codified at 28 USC § 1738B, and the Uniform Interstate Family Support Act (hereinafter UIFSA), adopted in New York as article 5-B of the Family Court Act, are applicable to the instant case. Both FFCCSOA and UIFSA grant continuing exclusive jurisdiction over a child support order to the state issuing the order (see 28 USC § 1738B [d]; Family Ct Act § 580-205 [a], [d]; Matter of Hutchison v Pirro, 11 AD3d 465 [2004]). As relevant herein, the issuing state loses such jurisdiction where "each individual contestant has filed written consent with the State of continuing, exclusive jurisdiction . . . over the order" (28 USC § 1738B [e] [2] [B]; see Family Ct Act § 580-205 [a] [1]; [d]; Matter of Hutchison v Pirro, supra). Here, Connecticut was the issuing state, and the petitioner presented no evidence that either party filed written consent with the State of Connecticut for a New York court to modify the order and assume continuing, exclusive jurisdiction and enforcement. Accordingly, the Family Court properly vacated that portion of its prior order modifying the parties' judgment of divorce because it lacked subject matter jurisdiction pursuant to the FFCCSOA and the UIFSA (see 28 USC § 1738B [e] [2]; Family Ct Act § 580-205 [a] [1]; [d]).

The petitioner's remaining contention is without merit. Krausman, J.P., Spolzino, Lifson and Dillon, JJ., concur.