■ In the Matter of CRYSTAL DEAZLE, Respondent-Appellant, v DARRIN MILES, Appellant-Respondent. [908 NYS2d 716]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, by permission, as limited by his brief, from so much of an order of the Family Court, Kings County (Lim, J.), dated October 7, 2009, as granted the mother's objection to an order of the same court (Jordan, S.M.), dated December 12, 2008, dismissing her petition for an upward modification of child support for lack of subject matter jurisdic-

tion, to the extent of vacating the order dated December 12, 2008, and remitting the matter to the Support Magistrate to issue supplemental written findings of fact and a new determination on the issue of subject matter jurisdiction, and the mother cross-appeals, by permission, as limited by her brief, from so much of the order dated October 7, 2009, as granted her objection to the order dated December 12, 2008, only to the extent of vacating that order and remitting the matter to the Support Magistrate to issue supplemental written findings of fact and a new determination on the issue of subject matter jurisdiction.

Ordered that the order dated October 7, 2009, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated October 7, 2009, is reversed insofar as cross-appealed from, on the law, without costs or disbursements, the mother's objection is granted in its entirety, the order dated December 12, 2008, is vacated, and the matter is remitted to the Family Court, Kings County, for further proceedings on the merits of the mother's petition for an upward modification of child support.

In December 1998, the mother, who at the time resided in Ithaca, filed a petition in the Family Court, Tompkins County, for child support with respect to the parties' child. At the time, the father resided out of state. Pursuant to an order dated November 22, 1999, the Family Court, Tompkins County, directed the father to pay the mother certain child support. On November 23, 2005, the mother, who stated that she was residing in Brooklyn, filed a petition in the Family Court, Kings County, for an upward modification of child support against the father, who continued to live outside of New York State.

The father argued, inter alia, that the Family Court lacked subject matter jurisdiction to modify the child support order dated November 22, 1999, because New York had not remained the "residence" of the mother and/or the parties' child for purposes of Family Court Act § 580-205 (a). In an order dated December 12, 2008, the Support Magistrate dismissed the mother's petition on that ground. The mother filed an objection to the Support Magistrate's order, arguing that the record developed before the Support Magistrate established that the Family Court had subject matter jurisdiction and that her petition for an upward modification should be heard and determined on the merits.

In reviewing the mother's objection, the Family Court indicated, among other things, that the Support Magistrate's findings of fact did not support dismissal of the mother's peti-

tion for lack of subject matter jurisdiction. The Family Court, however, granted the mother's objections only to the extent of vacating the order dated December 12, 2008, and remitting the matter to the Support Magistrate to issue supplemental written findings of fact and a new determination on the issue of subject matter jurisdiction. We agree with the Family Court that the Support Magistrate's order is not supported by the evidence presented at the hearing, but the Family Court erred in not granting the mother's objection in its entirety since the record was sufficiently developed to establish the existence of subject matter jurisdiction.

The Uniform Interstate Family Support Act (hereinafter the UIFSA), adopted in New York as article 5-B of the Family Court Act, grants "continuing, exclusive jurisdiction over" a child support order to the state that issued the order (Family Ct Act § 580-205 [a]; *see Matter of Spencer v Spencer*, 10 NY3d 60, 66 [2008]). As relevant herein, the issuing state loses such jurisdiction where none of the parties or children continue to reside in. that state (*see* Family Ct Act § 580-205 [a]; *Matter of Hutchison v Pirro*, 11 AD3d 465, 466 [2004]). Here, New York was the issuing state for the child support order. As such, New York had continuing, exclusive jurisdiction over that order (*see* Family Ct Act § 580-205 [a]). Although the father does not reside in the state, New York would retain continuing, exclusive jurisdiction if New York continued to be the residence of the mother and/or the subject child at the time she commenced this proceeding for a modification of child support (*see Matter of Hutchison v Pirro*, 11 AD3d at 467).

Although the UIFSA does not define the terms "reside" or "residence" (*see* Family Ct Act § 580-101), it has been determined that a person is a "resident" of New York State when he or she has a significant connection with some locality in the state as the result of living there for some length of time during the course of a year (*Antone v General Motors Corp., Buick Motor Div.*, 64 NY2d 20, 30 [1984]; *see Wittich v Wittich*, 210 AD2d 138, 139 [1994]). An individual may establish his or her residency with documentary evidence, such as a lease, rent receipts, phone bill, utility bills, voter's registration card, or driver's license (*see Ellis v Wirshba*, 18 AD3d 805, 805 [2005]; *Schaefer v Schwartz*, 226 AD2d 619, 620 [1996]; *McKenzie v MAJ Tr.*, 204 AD2d 154 [1994]).

Despite the fact that the mother also maintained a residence in Philadelphia where she worked and where the parties' child attended school, she submitted documentary evidence that supported her testimony that Brooklyn had been and continued to

be her place of residence at the time the proceeding was commenced (*see Matter of Hutchison v Pirro*, 11 AD3d at 468; Uniform Interstate Family Support Act [2001] § 205, Comment). In this regard, she presented, among other things, a lease for a Brooklyn apartment which listed herself and the subject child as tenants during the relevant time period; a check for partial payment of the monthly rent payable from her bank account held at a New York credit union, which listed her address as being in Brooklyn; New York driver's licenses issued to her in 2002 and in 2008; and a New York voter registration card indicating that she had been registered to vote in Kings County since April 1996. In view of the documentary evidence, the mother demonstrated that New York remained her residence, allowing New York to retain continuing, exclusive jurisdiction over the child support order (*see* Family Ct Act § 580-205 [a] [1]). Accordingly, the Family Court should have granted the mother's objection in its entirety, and we remit the matter to the Family Court, Kings County, for further proceedings on the merits of the mother's petition for an upward modification of child support. Mastro, J.P., Chambers, Roman and Sgroi, JJ., concur.