■ In the Matter of MARIE FRANCOIS, Respondent, v JEAN FRANCOIS, Appellant. [939 NYS2d 866]—In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (McElrath, J.), dated January 4, 2011, which denied his objection to an order of the same court (Palos, S.M.), dated August 30, 2010, as amended December 15, 2010, which, after a hearing, directed him to pay the sum of $491 in monthly child support and set retroactive arrears in the sum of $11,797.70 for the period from December 3, 2008, to August 26, 2010, on the ground that the court lacked subject matter jurisdiction.

Ordered that the order dated January 4, 2011, is affirmed, without costs or disbursements.

Contrary to the father's contentions, the Family Court had subject matter jurisdiction to hear and determine the issue of child support. "When an action for divorce is pending, the Family Court may exercise its jurisdiction only in certain situations, such as where the Supreme Court refers an application for support to it . . . or where the Supreme Court has not acted concerning support and the spouse is likely to need public assistance" (*Matter of Leontitsis v Leontitsis*, 128 AD2d 535, 535 [1987]; *see* Family Ct Act § 464). Here the Supreme Court referred all issues of child support to the Family Court for a hearing and determination (*see* Family Ct Act § 461 [c]; § 464 [a]; *Matter of Almeida v Almeida*, 81 AD2d 583, 583 [1981]; *see also Matter of Hutchison v Pirro*, 11 AD3d 465, 468 [2004]). Accordingly, the Family Court properly exercised its jurisdiction over the child support proceeding.

The father's remaining contention is not properly before this Court as it was not raised in his objection to the Support Magistrate's order dated August 30, 2010, as amended December 15, 2010 (*see Matter of Betancourt v Betancourt*, 71 AD3d 764, 765 [2010]; *Matter of Forman v Frost*, 67 AD3d 908, 909 [2009]). Dickerson, J.P., Chambers, Hall and Miller, JJ., concur.