Matter of Sherman v Killian (2024 NY Slip Op 01550)

Matter of Sherman v Killian

2024 NY Slip Op 01550

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2022-09070
 (Docket Nos. F-4406-10/21P, V-6597-10/22F)

[*1]In the Matter of Larry J. Sherman, appellant,
v
Kristen M. Killian, respondent.

Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Thomas M. Gambino, Poughkeepsie, NY, for respondent.
Patricia L. Campanaro, Hopewell Junction, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 4 and 6, the father appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated October 27, 2022. The order, insofar as appealed from, granted that branch of the mother's motion which was to dismiss the father's petition to modify an amended order of support dated October 2, 2018, so as to terminate his child support obligation, and dismissed the petition.
ORDERED that the order dated October 27, 2022, is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the mother's motion which was to dismiss the father's petition to modify the amended order of support dated October 2, 2018, is denied, the petition is reinstated, and the matter is remitted to the Family Court, Dutchess County, for further proceedings in accordance herewith.
The parties were divorced by judgment dated July 13, 2009. The parties have one minor child. By amended order of support dated October 2, 2018, the Support Magistrate directed the father to pay child support in the sum of $1,411 per month (hereinafter the order of child support). In a prior proceeding seeking to modify an order of custody and parental access dated August 11, 2014, the parties executed a settlement agreement (hereinafter the settlement agreement) dated May 6, 2021. The settlement agreement included a provision stating that the parties agreed that the mother and the child could relocate to Florida and that the parties agreed to cooperate with the filing of a petition to terminate the father's obligation to pay, among other things, basic child support. It is uncontroverted that, as of June 2021, the mother and the child were residing in Florida.
In May 2021, the father filed a petition to modify the order of child support so as to terminate his child support obligation pursuant to the terms of the settlement agreement (hereinafter the modification petition). Thereafter, the mother moved, inter alia, to dismiss the modification petition on the ground that the court lacked subject matter jurisdiction pursuant to Domestic Relations Law § 75-a(7) and, alternatively, on the ground of forum non conveniens pursuant to Domestic Relations Law § 76-f. In an order dated October 27, 2022, the Family Court, among other things, granted that branch of the mother's motion which was to dismiss the modification petition, and dismissed the modification petition. The court concluded that the State of New York does not have continuing, exclusive jurisdiction over the proceedings. The court also determined that New York was an inconvenient forum pursuant to Domestic Relations Law § 76-f. The father appeals.
The Uniform Interstate Family Support Act (hereinafter the UIFSA), "adopted in New York as article 5-B of the Family Court Act, grants continuing, exclusive jurisdiction over a child support order to the state that issued the order" (Matter of Salim v Freeman, 204 AD3d 677, 678 [internal quotation marks omitted], see Matter of Deazle v Miles, 77 AD3d 660, 662 [internal quotation marks omitted]; see Family Ct Act § 580-205[a]; Matter of Nassau County Dept. of Social Servs. v Ablog, 194 AD3d 817, 818). "[T]he issuing state loses such jurisdiction where none of the parties or children continue to reside in that state" (Matter of Deazle v Miles, 77 AD3d at 662; see Family Ct Act § 580-205[a]). "Although the UIFSA does not define the terms 'reside' or 'residence,' it has been determined that a person is a 'resident' of New York State when he or she has a significant connection with some locality in the state as the result of living there for some length of time during the course of a year" (Matter of Deazle v Miles, 77 AD3d at 662 [citation omitted]; see Family Ct Act § 580-102).
The provisions of Domestic Relations Law §§ 75 and 76 do not apply to child support proceedings. Rather, section 580-205(a) of the Family Court Act governs when a state has continuing, exclusive jurisdiction to modify its child support order.
Here, the mother failed to show that New York lost continuing, exclusive jurisdiction over the order of child support (see Matter of Pauls v Neathery, 149 AD3d 950, 952).
Accordingly, the Family Court should have denied that branch of the mother's motion which was to dismiss the modification petition, and we remit the matter to the Family Court, Dutchess County, for a hearing on the modification petition and a new determination thereafter of the modification petition.
The parties' remaining contentions are not properly before this Court.
DUFFY, J.P., WOOTEN, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court