■ In the Matter of KATHLEEN COMFORT, Appellant, v STEPHAN H. FROLICH, Respondent. [658 NYS2d 329] —In a proceeding pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Orange County (Bivona, J.), entered August 23, 1996, which granted the respondent's motion to dismiss the petition for lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, the motion to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Family Court, Orange County, for further proceedings.

As this Court recently stated in *Matter of Shirley D. v Carl D.* (224 AD2d 60, 68): "[A]lthough Family Court Act § 154 (b) contains language suggesting that the statute's reach should be limited to those persons otherwise subject to long-arm jurisdiction pursuant to CPLR 302, the provision, when read in its entirety and viewed in the context of its legislative history, permits the Family Court, in a [child support] proceeding, to exercise personal jurisdiction over a nonresident respondent where one of the minimum contacts delineated in the statute, which is designed to ensure due process, is shown to exist. This conclusion is further supported by the fact that the subject provision concludes with a broad catch-all phrase permitting

jurisdiction to be exercised where consistent with the United States and New York Constitutions."

Here, the respondent fulfills the minimum contact requirement under Family Court Act § 154 (b) (4), in that, according to his own assertions, he furnished support for the children while the children resided within New York State.

The existence of a prior Texas order entered under the Uniform Support of Dependents Law, enforcing the child support provisions of the parties' New York judgment of divorce does not deprive the New York courts of jurisdiction. Since New York is the home State of the children, the exercise of jurisdiction by the courts of this State is not inconsistent with Texas law *(see,* Vernon's Tx Codes Annot, Family Code, § 159.207). Further, while a New York resident may, pursuant to the Uniform Support of Dependents Law, commence a support proceeding in the respondent's home State, the existence of the additional remedy does not deprive the petitioner of any other remedy which may be properly pursued in her home State *(see, Matter of Shirley D. v Carl D.,* 224 AD2d 60, 68; *Matter of Spak v Specht,* 216 AD2d 705, 707). Miller, J. P., Altman, Goldstein and Florio, JJ., concur.