■ In the Matter of LISA FEUSTEL, Respondent, v NORMAN C. FEUSTEL, Appellant. [662 NYS2d 139] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Dunn, J.), entered August 5, 1996, which denied his objections to an order of the same court (Goglas, H.E.), entered May 28, 1996,

which dismissed his petition for a downward modification of child support.

Ordered that the order is affirmed, without costs or disbursements.

Inasmuch as the wife and the parties' children still reside in Tennessee, the State which granted the judgment of divorce containing the requirement that the father pay $400 per month in child support, Tennessee retains continuing, exclusive jurisdiction over any application to modify support in the absence of the parties' written consent stating otherwise (*see,* 28 USC 1738B). Since no such consent is present here, the Family Court was without subject matter jurisdiction to entertain the father's application for downward modification of his support obligation (*see, Matter of Isabel M. v Thomas M.,* 164 Misc 2d 420). Although the mother did not raise the issue of subject matter jurisdiction before the Family Court, inasmuch as subject matter jurisdiction may never be waived, the claim may properly be raised at this time (*Morrison v Budget Rent-A-Car Sys.,* 230 AD2d 253, 260).

In light of this determination, we do not reach the merits of the father's application for a downward modification of child support. Rosenblatt, J. P., Ritter, Santucci and McGinity, JJ., concur.