■ In the Matter of ANDREA SAMUELS, Respondent, v LAWRENCE BRITTON, Appellant. [662 NYS2d 603] —In a proceeding pursuant to Family Court Act article 4, the appeal is from an order of the Family Court, Dutchess County (Brands, J.), entered October 28, 1996, which denied the father's objections to an order of the same court (Gilbert, H.E.), entered June 27, 1996, denying his motion to vacate an order of the same court entered January 23, 1995, directing him to pay child support.

Ordered that the order is affirmed, with costs.

The appellant father, a Florida resident since 1987, contends that the Family Court in New York lacked personal jurisdiction over him and therefore it improperly entered an order of support in January 1995. However, Family Court Act § 154 (b) "permits the Family Court, in a [child support] proceeding, to exercise personal jurisdiction over a nonresident respondent where one of the minimum contacts delineated in the statute, which is designed to ensure due process, is shown to exist" (*Matter of Shirley D. v Carl D.,* 224 AD2d 60, 68). Here, contrary to the father's contention, the minimum contact requirement under Family Court Act § 154 (b) was fulfilled in that he furnished support for the parties' child while the child resided within New York State (*see,* Family Ct Act § 154 [b] [4]; *Matter*

*of Comfort v Frolich,* 239 AD2d 416; *Matter of Shirley D. v Carl D., supra*). Accordingly, there is no merit to the father's contention that the Family Court lacked personal jurisdiction over him.

The father's remaining contentions are without merit. O'Brien, J. P., Santucci, Joy and Altman, JJ., concur.