■ In the Matter of TYCHO LORENZANA, Respondent, v ROLANDO ARAFILES, Appellant. [747 NYS2d 247]

The appellant, a resident of Texas, and his former wife, a resident of the Philippines, were divorced pursuant to a Nevada divorce decree in August 1993. Pursuant to the Nevada divorce decree, the appellant was to pay $100 per month per child in child support. From approximately June 1994 to December 1997, the appellant resided in New York. During that time, he sent child support payments to the children's

mother in the Philippines. In or about June 1999, the children's mother brought the children to New York to visit with her sister and her sister's husband, the petitioner, Tycho Lorenzana. The petitioner and his wife were named guardians of the children in an affidavit sworn to and subscribed by the children's mother on June 23, 1999. Thereafter, the children remained in New York with the petitioner and his wife. On February 4, 2000, the petitioner, as guardian of the children, filed a petition for their support pursuant to Family Court Act article 4.

Although the issue of subject matter jurisdiction was not raised before the Family Court, the claim may properly be raised for the first time at the appellate level since subject matter jurisdiction is never waived (*see Feustel v Feustel,* 242 AD2d 628, 629). Further, since the Nevada divorce decree clearly provides for child support that order should have been recognized by the Family Court (*see* Family Ct Act § 580-205 [d]; § 580-207 [a]).

Here, because the petitioner did not seek to modify or enforce the Nevada order of support, but rather, initiated a separate support proceeding, in light of Family Court Act § 580-205 (d), the Family Court lacked subject matter jurisdiction to issue its own order of support. Accordingly, this petition is dismissed without prejudice. Ritter, J.P., Smith, Friedmann and Cozier, JJ., concur.