[882 NE2d 886, 853 NYS2d 274]

In the Matter of SUSAN SPENCER, Respondent, v JAMES SPEN-CER, Appellant.

Argued January 8, 2008; decided February 14, 2008

## POINTS OF COUNSEL

*McNamee, Lochner, Titus & Williams, P.C.,* Albany (*Bruce J. Wagner* of counsel), for appellant. I. The New York courts lack subject matter jurisdiction pursuant to the Full Faith and Credit for Child Support Orders Act. (*Matter of Reis v Zimmer,* 263 AD2d 136, 270 AD2d 968; *Matter of Batesole-Harmer v Batesole,* 28 AD3d 551.) II. The New York courts lack subject matter jurisdiction pursuant to the Uniform Interstate Family Support Act. (*Matter of Chisholm-Brownlee v Chisholm,* 177 Misc 2d 185; *Matter of Auclair v Bolderson,* 6 AD3d 892, 3 NY3d 610; *Matter of Reis v Zimmer,* 263 AD2d 136; *Matter of Daknis v Burns,* 278 AD2d 641.) III. By extending the duration of a child support order, the Appellate Division has rendered a modification prohibited by the Full Faith and Credit for Child Support Orders Act and Uniform Interstate Family Support Act. (*Matter of Ferraro v Nash,* 293 AD2d 538; *Matter of Hauger v Hauger,* 256 AD2d 1076; *Matter of Schottenstein v Schottenstein,* 9 Misc 3d 1106[A], 2005 NY Slip Op 51422[U]; *Matter of Goodison v Goodison,* 184 Misc 2d 573; *Cahen v Boyland,* 1 NY2d 8; *Matter of Northeast Mines v State of N.Y. Dept. of Envtl. Conservation,* 113 AD2d 62; *Matter of Daknis v Burns,* 278 AD2d 641; *Matter of Auclair v Bolderson,* 6 AD3d 892; *Matter of Handler v Selbert,* 221 AD2d 788; *Kromer v Kromer,* 177 AD2d 472.)

*Maynard, O'Connor, Smith & Catalinotto,* Albany (*Michael T. Snyder* of counsel), for respondent. Subject matter jurisdiction to entertain the de novo petition for support exists and the or-

der of the Appellate Division should be affirmed. (*Matter of Hauger v Hauger*, 256 AD2d 1076; *Matter of Ferraro v Nash*, 293 AD2d 538; *Matter of Goodison v Goodison*, 184 Misc 2d 573; *Jensen v General Elec. Co.*, 82 NY2d 77; *Arbegast v Board of Educ. of S. New Berlin Cent. School*, 65 NY2d 161; *Matter of Auclair v Bolderson*, 6 AD3d 892, 3 NY3d 610; *Matter of Daknis v Burns*, 278 AD2d 641; *Matter of Reis v Zimmer*, 263 AD2d 136; *Matter of Batesole-Harmer v Batesole*, 28 AD3d 551; *Kromer v Kromer*, 177 AD2d 472.)

*Law Offices of Aaron Weitz*, New York City (*Elliot Scheinberg* of counsel), for New York Chapter of American Academy of Matrimonial Lawyers and another, amici curiae. I. The jurisdictional issue herein is governed by the Supremacy Clause and congressional enactment. (*Matter of Ferraro v Nash*, 293 AD2d 538; *Matter of Hauger v Hauger*, 256 AD2d 1076; *Matter of Goodison v Goodison*, 184 Misc 2d 573.) II. New York lacked subject matter jurisdiction under 28 USC § 1738B, the Full Faith and Credit for Child Support Orders Act, to modify the Connecticut child support award. (*Matter of Reis v Zimmer*, 263 AD2d 136, 270 AD2d 968; *Matter of Auclair v Bolderson*, 6 AD3d 892; *Matter of City of New York*, 293 NY 1; *Matter of Commonwealth Elec. Inspection Servs. v Town of Clarence*, 6 AD3d 1185; *Shea v Export S.S. Corp.*, 253 NY 17; *Patrone v Howlett, Inc.*, 237 NY 394; *Marine Midland Bank v Bowker*, 89 AD2d 194; *Harris v Hirsh*, 196 AD2d 425.) III. Under the Uniform Interstate Family Support Act New York lacked subject matter jurisdiction; continuing exclusive jurisdiction rests in Connecticut. (*Matter of Reis v Zimmer*, 263 AD2d 136, 270 AD2d 968; *Matter of Daknis v Burns*, 278 AD2d 641; *Matter of Chisholm-Brownlee v Chisholm*, 177 Misc 2d 185; *Matter of Auclair v Bolderson*, 6 AD3d 892.) IV. The "expire order" notion is a mutant hybrid of inconceivable jurisdictional interloping whereby the encroaching state dissects an existing order and assumes jurisdiction over only a portion of the order while relegating jurisdiction of its balance to the original issuing state. (*Matter of Ferraro v Nash*, 293 AD2d 538; *Matter of Hauger v Hauger*, 256 AD2d 1076; *Matter of Goodison v Goodison*, 184 Misc 2d 573; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577.) V. An affirmance of the Appellate Division will revive the mischief of pre-Full Faith and Credit for Child Support Orders Act and Uniform Interstate Family Support Act forum hunting, where the jurisdictional frontiers were unpredictable. VI. The Appellate Division decision violates the canon of statutory construction that legislative intent be effectuated, first and foremost, via

the application of clear and unambiguous statutory language; the Full Faith and Credit for Child Support Orders Act identifies four ways how a modification can come to be: "modification," "establish," "otherwise," or "subsequent to." (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577; *Matter of Charter Dev. Co., L.L.C. v City of Buffalo*, 6 NY3d 578; *Rosner v Metropolitan Prop. & Liab. Ins. Co.*, 96 NY2d 475.) VII. Support orders have three components: amount, duration, and the tacitly subsumed order directing the payor to halt payments beyond the duration of the support order. VIII. Statutory construction requires an exploration of the social and historical climates that permeated the period antedating a law's enactment and its evolution with a special focus on the ills to be cured. (*Matter of Reis v Zimmer*, 263 AD2d 136, 270 AD2d 968; *Matter of Isabel M. v Thomas M.*, 164 Misc 2d 420; *People v Garson*, 6 NY3d 604; *Matter of Batesole-Harmer v Batesole*, 28 AD3d 551; *Matter of Schottenstein v Schottenstein*, 9 Misc 3d 1106[A], 2005 NY Slip Op 51422[U]; *Matter of Auclair v Bolderson*, 6 AD3d 892; *Matter of Daknis v Burns*, 278 AD2d 641; *Matter of Parenzan v Parenzan*, 285 AD2d 59.) IX. Under the canons of statutory construction the Uniform Interstate Family Support Act, the Full Faith and Credit for Child Support Orders Act, the Uniform Child Custody Jurisdiction and Enforcement Act and the Parental Kidnaping Prevention Act are cognate statutes in pari materia which require parallel treatment because they protect the same class of people—children. X. States nationwide have categorically rejected "the expired order" concept as a violation of federal and state law and forum shopping. (*Matter of Schottenstein v Schottenstein*, 9 Misc 3d 1106[A], 2005 NY Slip Op 51422[U]; *Mountain View Coach Lines v Storms*, 102 AD2d 663.)

### OPINION OF THE COURT

Chief Judge KAYE.

When a Connecticut child support order has expired because the child has reached 18 (the age of majority under Connecticut law), is a subsequent New York child support order for support of the same child to age 21 (the age of majority under New York law) a new order or a modification of the Connecticut order? We conclude that the New York order is a modification of the Connecticut order and that New York lacks subject matter jurisdiction over the petition for child support in this case.

### Background

Susan and James Spencer, married in Connecticut, are the parents of three children—a son born in 1986, a second son

born in 1988, and a daughter born in 1992. The mother worked as a nurse throughout most of their marriage, and the father as a physician in private practice. The Spencers separated in 1994, and the mother and children moved from Connecticut to New York, where they have since resided. The father maintains his residence in Connecticut.

The couple divorced by judgment of Connecticut Superior Court on December 21, 1994. The court ordered the father to pay child support of $250 weekly per minor child, and to continue providing the children with medical insurance at his sole expense. The order also required the father to pay alimony of $600 per week until June 30, 1996 and then $500 per week until its automatic termination on December 31, 2004. In 2004, the eldest son turned 18 and the father's support obligations terminated under Connecticut law (Conn Gen Stat Ann § 46b-215 [a] [1]). In December 2004, the father's alimony obligations terminated as well. Five months later the father sold his private practice and began working three days a week as a consultant.

On June 30, 2005 the mother filed a petition in Family Court, Albany County seeking a de novo determination of child support for the eldest son as well as contribution for his college expenses and medical insurance.[1] The father moved to dismiss the petition for lack of subject matter jurisdiction.

The Support Magistrate denied that motion and, after a hearing, ordered him to pay child support for the eldest son in the amount of $350 weekly (retroactive to June 30, 2005), 75% of any increase in his health insurance, 75% of all uninsured medical expenses, 75% of his college expenses, and to post an undertaking of $12,600. Three weeks later the Support Magistrate directed the father to pay the mother's counsel fees in the amount of $5,080. The father filed objections to both orders; the mother objected to the amount of the attorney's fees as only a partial award.

On March 1, 2006, Family Court denied the father's objections and held that the Support Magistrate properly retained subject matter jurisdiction over the child support petition because the second order was not a modification of Connecticut's original decree. Separately, the court denied the father's objections to the award of counsel fees and granted the mother's objection by increasing the amount of counsel fees

---

1. In August 2005, he began attending college. At that time, his tuition, housing and meal plan cost approximately $10,706 per semester.

owed by the father to $9,597. The Appellate Division affirmed, reasoning that because the Connecticut child support order expired as to the eldest son, there was no existing order to modify and therefore no jurisdictional obstacle to entertaining the mother's petition for a new child support order. We now reverse.

## Analysis

In the late 1980s Congress created the Commission on Interstate Child Support to address the problem of multiple, often conflicting child support orders issued by different jurisdictions (S Rep 103-361, 103rd Cong, 2d Sess, at 4, reprinted in 1994 US Code Cong & Admin News, at 3259, 3260). The Commission reported that a significant factor contributing to the creation of multiple orders was that child support orders were not entitled to full faith and credit. To remedy this impediment to efficient nationwide enforcement of child support orders, in 1994 Congress enacted the Full Faith and Credit for Child Support Orders Act (FFCCSOA), which requires each state to give full faith and credit to another state's validly issued child support order (28 USC § 1738B, as added by Pub L 103-383, 108 US Stat 4063). Specifically, a state "shall enforce according to its terms a child support order . . . of another State; and . . . shall not seek or make a modification of such an order" except in limited circumstances (28 USC § 1738B [a]).

Congress' efforts to create nationally uniform standards for the administration of child support orders continued with the enactment of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (Pub L 104-193 § 321, 110 US Stat 2105, 2221 [104th Cong, 2d Sess, Aug. 22, 1996], adding 42 USC § 666 [f]). Among other things, this act mandated that each state enact the Uniform Interstate Family Support Act (UIFSA) by January 1, 1998 in order to receive federal funding for social welfare programs (see 42 USC § 654 [20]; §§ 655, 666 [f]). The legislative history indicates that the requirement to adopt UIFSA supported the congressional goal to "achieve uniformity in interstate cases, and also to recognize other States' uncontested child support orders" (HR Rep 104-651, 104th Cong, 2d Sess, at 1324, reprinted in 1996 US Code Cong & Admin News, at 2183, 2383). New York adopted the 1996 version of UIFSA on December 31, 1997 (Family Ct Act § 580-101 et seq.).

Although UIFSA governs a broader array of child support issues than the FFCCSOA, the statutes have complementary

policy goals and should be read in tandem (*see Matter of Auclair v Bolderson*, 6 AD3d 892 [3d Dept 2004]; *see also* Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act art 5-B, at 204). This is not a case where the two statutes conflict. Rather, the relevant provisions are consistent. Indeed, where UIFSA is silent, the FFCCSOA may help fill any gaps.

The statutes together establish a national single-order system, vesting continuing, exclusive jurisdiction with the issuing state. Under the FFCCSOA and UIFSA, the state issuing a child support order retains continuing, exclusive jurisdiction over its child support orders so long as an individual contestant continues to reside in the issuing state (*see* 28 USC § 1738B [d]; Family Ct Act § 580-205). Accordingly, a state may modify the issuing state's order of child support only when the issuing state has lost continuing, exclusive jurisdiction[2] (*see* 28 USC § 1738B [e]; Family Ct Act § 580-611 [a]; *see also Matter of Reis v Zimmer*, 263 AD2d 136 [4th Dept 1999]; *Matter of Daknis v Burns*, 278 AD2d 641 [3d Dept 2000]; *Matter of Batesole-Harmer v Batesole*, 28 AD3d 551 [2d Dept 2006]).

Here, it is uncontested that the father always has lived in Connecticut, the state that issued the child support order. Under both statutes, because the father continues to reside in the issuing state, Connecticut retains continuing, exclusive jurisdiction of its child support order and New York does not have subject matter jurisdiction to modify the Connecticut order. The only issue, then, is whether a petition filed after the termination of the initial child support obligation because the child reached the issuing state's age of majority seeks a "modification" of the issuing state's order. If so, under the provisions of both statutes, New York lacks subject matter jurisdiction.

The Appellate Division determined that an "expired order"—by its very nature—cannot be modified because it no longer is in effect (35 AD3d 980, 982-983 [2006]; *see also Matter of Ferraro v Nash*, 293 AD2d 538 [2d Dept 2002]; *Matter of Hauger v Hauger*, 256 AD2d 1076 [4th Dept 1998]). The court therefore granted what it saw as a de novo child support petition after the father's child support obligation terminated under Connecticut's lower age of majority.

For the following three reasons, we reject the expired order concept.

---

2. A state may also modify a child support order upon consent of all the parties, despite the parties' state of residence (*see* 28 USC § 1738B [e] [2] [B]; Family Ct Act § 580-611 [a] [2]). No such consent exists in this case.

First, a subsequent child support order is a "modification" as defined by the federal statute. The FFCCSOA defines "modification" of a child support order and, under the Supremacy Clause of the United States Constitution, we are bound to follow that definition.

A modification is "a change in a child support order that affects the amount, scope, or duration of the order and modifies, replaces, supersedes, or otherwise is made subsequent to the child support order" (28 USC § 1738B [b]). Here, the New York order changed the amount of the initial order (increasing it by $100 per week), the scope of the initial order (adding a provision for college expenses), and the duration of the initial order (extending the father's obligation for three years). Undoubtedly, the New York order was "made subsequent" to the Connecticut order. Therefore, under the plain language of the federal statute, a second order for child support is a "modification" of Connecticut's order.

Second, the drafters of UIFSA clearly intended the same result. Under New York's version of UIFSA, "[a] tribunal of this state may not modify any aspect of a child support order that may not be modified under the law of the issuing state" (Family Ct Act § 580-611 [c]). In Connecticut, a court may issue an order of support for a child who is under the age of 18 (Conn Gen Stat Ann § 46b-215 [a] [1]).[3] Therefore, even if New York had subject matter jurisdiction to modify the Connecticut order, Connecticut law would control the duration of the father's support obligation.

This interpretation of UIFSA is supported by the 2001 amendments to the uniform act. Although New York has not adopted the 2001 amendments, and they are not binding on this Court, they do provide insight into the intended meaning of New York's existing statute. The 2001 amendments specifically reject the expired order concept because it subverts a significant policy underlying the Act. However, according to the drafters' comments,

> "*From its original promulgation* UIFSA determined that the duration of child-support obligation should be fixed by the controlling order . . . If the language

---

**3.** If a child is unmarried and enrolled in a full-time high school, a court may order child support until "such child completes the twelfth grade or attains the age of nineteen, whichever occurs first" (Conn Gen Stat Ann § 46b-215 [a] [1]).

was insufficiently specific before . . . 2001, the amendments should make this decision absolutely clear. The original time frame for support is not modifiable unless the law of the issuing State provides for modification of its duration. Some courts have sought to subvert this policy by holding that completion of the obligation to support a child through age 18 established by the now-completed controlling order does not preclude the imposition of a new obligation thereafter to support the child through age 21'' (Uniform Interstate Family Support Act [2001] § 611, Comment [emphasis added]).

Notably, courts from other states have enforced the one-order policy of UIFSA by declining to issue a second child support order where the issuing state's order had expired (see *Marshak v Weser*, 390 NJ Super 387, 915 A2d 613 [2007] [New Jersey could not extend the duration or scope of a Pennsylvania child support order, even after the obligor's support obligation terminated]; *Sheetz v Sheetz*, 840 A2d 1000, 2003 PA Super 512 [2003] [Maryland law controls the duration of its child support orders and petitioner could not institute a new proceeding in Pennsylvania after expiration of the Maryland order]; *Lunceford v Lunceford*, 204 SW3d 699 [Mo Ct App 2006] [Missouri court was prohibited from extending a Kansas child support order beyond the age of emancipation in Kansas]). In each case the court relied on the policy underlying UIFSA even though—as here—the state legislature had not adopted the 2001 amendments (see *Marshak*, 390 NJ Super at 392, 915 A2d at 616; *Sheetz*, 840 A2d at 1004; *Lunceford*, 204 SW3d at 707-708).

Third, we reject the expired order concept in order to promote the principle of comity embedded in the FFCCSOA and UIFSA. A secure one-order child support system is critical to the proper administration of child support orders—New York's as well as those of other states—and to ensuring that children receive the support to which they are entitled.

Therefore, the New York order is a modification of the Connecticut order. Because the father still resides in Connecticut, that state has continuing, exclusive jurisdiction of the child support order—despite termination of the father's obligations for his eldest son under that order—and New York does not have subject matter jurisdiction to modify that order.

We are well aware of New York's strong policy interest in assuring that both parents fulfill their support obligations

throughout their children's first 21 years of life (*see* Family Ct Act § 413 [1] [a]). Where a parent has the means to do so, we certainly hope those parental obligations will be met for the sake of the child's well-being. We are without jurisdiction, however, to compel this father to honor his parental responsibilities to his eldest son.

Finally, the father's request to recoup payments he made to the mother as a result of the child support order issued by Family Court cannot be determined on this record and should, on remittal, be addressed by Family Court (including all offsets due the mother).

Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Family Court for further proceedings in accordance with this opinion.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order reversed, etc.