■ In the Matter of LISA DANIELS, Appellant, v ERIC M. SPECTOR, Respondent. [861 NYS2d 138]—

In three related child support proceedings pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Nassau County (Grella, J.), dated November 29, 2007, which denied her objections to three orders of the same court (Kahlon, S.M.), all dated July 12, 2007, dismissing the petitions for lack of subject matter and personal jurisdiction.

Ordered that the order dated November 29, 2007 is reversed, on the law, with costs, the mother's objections are sustained, the orders dated July 12, 2007 are vacated, and the petitions are reinstated.

On April 10, 1995 the mother, who was living in New York, gave birth to the parties' twin children. The mother and the children have continuously resided in New York since that time.

Soon after the children were born, the mother commenced a proceeding in California against the father, who was residing in that state. The mother sought custody of the children and an order requiring the father to pay child support. A California court then issued an order awarding the mother sole physical and legal custody of the children, as well as an order (hereinafter the child support order) requiring the father to pay the mother certain child support.

On or about May 2, 2007 the mother, who registered the child support order in New York (*see* Family Ct Act §§ 580-601, 580-609), commenced the instant child support proceedings against the father, who was still a resident of California, in the Family Court, Nassau County. Alleging that the father failed to make certain required child support payments, the mother sought, inter alia, to enforce the child support order. In addition, alleging that there had been a change in circumstances since the issuance of the child support order warranting that the father's child support obligation be increased, the mother sought to modify the child support order.

The father argued, inter alia, that the Family Court lacked subject matter jurisdiction to modify the child support order, and also lacked personal jurisdiction over him. In three orders, all dated July 12, 2007, a Support Magistrate dismissed the proceedings on those grounds. The mother filed objections to the Support Magistrate's orders, but, in the order appealed from, the Family Court denied those objections. We reverse.

The record contains a stipulation that the parties and their attorneys signed during the California proceeding, which was "so-ordered" by the California court. This stipulation indicates that the parties consented to New York's assumption of continuing, exclusive jurisdiction over the child support order, and thus, demonstrates that the Family Court has the power to modify that order (*see* 28 USC § 1738B [e] [2] [B]; Family Ct Act § 580-611 [a] [2]; *cf. Matter of Spencer v Spencer*, 10 NY3d 60, 66 n 2 [2008]; *Matter of Batesole-Harmer v Batesole*, 28 AD3d 551 [2006]). The stipulation further indicates that the father consented to the Family Court's exercise of personal jurisdiction over him with regard to a proceeding to enforce or modify the child support order (*see* Family Ct Act § 580-201 [2]). Under these circumstances, the Family Court should have sustained the mother's objections to the Support Magistrate's orders and reinstated the petitions. Rivera, J.P., Lifson, Covello and Balkin, JJ., concur.