In the Matter of Mark D. Epstein, Respondent, v Laura J. Shoshani, Appellant. [889 NYS2d 48]—

In a proceeding pursuant to Family Court Act article 4, the mother appeals from (1) an order of the Family Court, Suffolk County (Budd, J.), dated November 19, 2008, which denied her objections to an order of the same court (Livrieri, S.M.), dated September 16, 2008, and (2) an order of the same court (Budd, J.) dated December 16, 2008, which denied her objections to an amended order of the same court (Livrieri, S.M.), dated September 24, 2008, granting that branch of the father's motion which was to terminate his child support obligation.

Ordered that the appeal from the order dated November 19, 2008, is dismissed, as that order was superseded by the order dated December 16, 2008; and it is further,

Ordered that the order dated December 16, 2008, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

In 1986 the parties were married in New York. There is one child of the marriage, born April 9, 1990. The parties separated in May 1991, at which time they and the child resided in Pennsylvania.

On June 10, 1994, the parties were divorced pursuant to a Pennsylvania "decree in divorce." The decree in divorce incorporated but did not merge therewith the terms of a previously-entered-into stipulation of settlement dated March 15, 1994, pursuant to which, inter alia, the father agreed to pay a stated sum of monthly child support for the parties' child through age 18 or the child's graduation from high school, whichever came later (hereinafter the initial child support order). Also in the stipulation of settlement dated March 15, 1994, the parties agreed to pay the child's higher education costs according to law.

Shortly after the divorce, the mother moved to New York with the child, and the father moved to New York as well. In 1996, when she, the father, and the child each still resided in New York, the mother commenced a proceeding in the Family Court, Suffolk County, seeking an upward modification of the father's child support obligation. On November 6, 1996, the parties entered into a stipulation, so-ordered by the Family Court, pursuant to which, inter alia, the father agreed to an increase in his monthly child support obligation.

In 2003, with the parties and the child still residing in New York, the mother again commenced a proceeding in the Family Court, Suffolk County, seeking, inter alia, an upward modification of the father's child support obligation. In an "Order Modifying an Order of Support," dated May 12, 2004, the Family Court Support Magistrate effectively vacated the stipulation dated November 6, 1996, and modified the initial child support order by increasing the father's monthly child support obligation (hereinafter the 2004 New York Order).

In 2008 the father filed a petition seeking, among other things, a downward modification of his child support obligation. Shortly thereafter, the father moved, inter alia, to terminate his child support obligation on the ground that the subject child had reached 18 years of age and graduated from high school. The mother opposed the motion, contending that, in light of the 2004 New York Order, New York law controls the duration of the father's child support obligation, thus requiring him to pay child support until the subject child reaches age 21.

In an amended order dated September 24, 2008, the Family Court Support Magistrate granted that branch of the father's motion which was to terminate his child support obligation. The mother filed objections to the amended order, and the Family Court denied the objections. The mother appeals.

Pursuant to Family Court Act article 5-B, entitled the Uniform Interstate Family Support Act (hereinafter the UIFSA), the law of the state issuing a child support order governs the duration of the parent's child support obligation under that order (see Family Ct Act § 580-604 [a]). Thus, here, because Pennsylvania issued the initial child support order, Pennsylvania law governs the duration of the father's child support obligation as established by that order (id.).

In an attempt to circumvent the application of Pennsylvania law as to the duration of the father's child support obligation, the mother contends that because the Family Court issued the 2004 New York Order modifying the amount of the father's child support obligation as provided for in the initial child sup-

port order, New York law now governs all aspects of the father's child support obligation, including the duration thereof. In effect, the mother contends that when a New York State Family Court permissibly issues an order modifying any aspect of a parent's child support obligation as provided for in an out-of-state child support order (see Family Ct Act § 580-611 [a]; § 580-613 [a]), automatically there is a concomitant modification of all other aspects of the child support order so as to bring it into full compliance with New York law.

The mother's contention in that regard, however, must fail, since the UIFSA expressly prohibits a tribunal of this state from modifying "any aspect of a child support order that may not be modified under the law of the issuing state" (Family Ct Act § 580-611 [c]; § 580-613 [b]). In that regard, as relevant to this appeal, under Pennsylvania law a parent generally has no obligation to support an adult child (see 23 Pa Cons Stat § 4321 [2], [3]). Therefore, a New York State Family Court cannot, in accordance with the UIFSA, modify a Pennsylvania child support order by requiring the subject parent to pay child support until the subject child reaches age 21. Thus, contrary to the mother's contention, notwithstanding the Family Court's issuance of the 2004 New York order, Pennsylvania law continues to control the duration of the father's child support obligation (see Matter of Spencer v Spencer, 10 NY3d 60, 67 [2008]).

Applying Pennsylvania law as to the duration of a parent's child support obligation to the facts of this case, the Support Magistrate properly granted that branch of the father's motion which was to terminate his child support obligation. Specifically, in opposing the father's request to terminate his child support obligation, the mother did not claim, let alone seek to establish, that the subject child, who has reached age 18 and graduated from high school, is physically and/or mentally unable to engage in profitable employment or that employment is not available to the child at a supporting wage, as is required under Pennsylvania law in order to require a parent to support his or her adult child (see 23 Pa Cons Stat § 4321 [2], [3]; Style v Shaub, 955 A2d 403 [Pa 2008]). Under such circumstances, termination of the father's child support obligation was appropriate under Pennsylvania substantive law (see Style v Shaub, 955 A2d 403 [2008]).

The mother contends, nonetheless, that even if termination of the father's child support obligation was appropriate under Pennsylvania substantive law, the Family Court should not have granted the father's request to terminate his child support obligation absent compliance with Pennsylvania Rules of Civil

Procedure (Pa RCP) rule 1910.19, which, in essence, requires notice of termination and an opportunity to object before a court may enter an order terminating a child support order (*see* Pa RCP rule 1910.19 [e]; *Style v Shaub,* 955 A2d at 408 [noting that "Rule 1910.19 (e) is essentially a house-keeping rule established to terminate old orders (that) have continued to charge long after the subject child has become an adult" (internal quotation marks omitted)]). Here, however, in the form of motion practice before the Family Court, the mother unquestionably had notice of the father's request to terminate his child support obligation, as well as an opportunity to object to that request. As previously explained, the mother failed to offer any valid reason for denying the father's request to terminate his child support obligation. While the mother emphasizes that the parties agreed to pay the child's higher education costs (*see* Pa RCP rule 1910.19 [e] [3]), in fact, the parties agreed to pay the child's higher education costs according to law, and Pennsylvania law does not require a parent to pay for his or her child's higher education. Under such circumstances, termination of the father's child support obligation also was appropriate under Pennsylvania procedural law (*see Style v Shaub,* 955 A2d 403 [2008]).

Based on the foregoing, the Family Court properly denied the mother's objections to the amended order of the Family Court Support Magistrate granting that branch of the father's motion which to terminate his child support obligation. Mastro, J.P., Fisher, Angiolillo and Leventhal, JJ., concur.