■ In the Matter of KURT MANSFIELD, Appellant, v JAYNE O. MANSFIELD, Respondent. [888 NYS2d 423]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Putnam County (Reitz, J.), dated December 9, 2008, which denied his objections to an order of the same court (Kaufman, S.M.) entered October 15, 2008, granting the mother's motion to vacate a support order of the same court dated June 9, 2006, as amended October 6, 2006, for lack of subject matter jurisdiction, establishing the amount of support overpayments in the sum of $20,017.09, and directing the entry of a money judgment in favor of the mother in that amount.

Ordered that the order dated December 9, 2008 is affirmed, without costs or disbursements.

The Family Court lacked subject matter jurisdiction to issue its own support order. The State of Vermont had continuing, exclusive jurisdiction over the matter, in which there was a prior support order issued by a Vermont court concerning the subject children, as the mother continued to reside in the State of Vermont, and the parties had not filed written consents in the State of Vermont allowing a New York court to modify the prior support order (*see Matter of Spencer v Spencer*, 10 NY3d 60, 67-68 [2008]; *see also* 28 USC § 1738B [e]; Family Ct Act § 580-611 [a]). Additionally, we see no basis to disturb the Support Magistrate's determination on the issue of recoupment (*see*

*Matter of Spencer v Spencer*, 10 NY3d at 69). Skelos, J.P., Dillon, Covello and Chambers, JJ., concur.