■ In the Matter of KAITLIN CLARKE, Appellant, v CONNIE CLARKE et al., Respondents. [889 NYS2d 766]—

Kavanagh, J.

In 1997, a support order issued by Superior Court in California directed respondent Michael Clarke (hereinafter the father) to pay child support to respondent Connie Clarke (hereinafter the mother) for their three children, including petitioner—their 17-year-old daughter—until each reached the age of majority or became emancipated. Subsequently, the mother and her children, including petitioner, moved to New York while the father remained in California. In 2008, petitioner commenced this proceeding seeking an order directing both of her parents to pay directly to her any moneys that were tendered for her support.

The father and the mother both moved to dismiss the petition, with the father specifically alleging, among other things, that Family Court lacked personal jurisdiction over him. After the Support Magistrate ordered that the petition be dismissed, petitioner filed objections, claiming that the Support Magistrate erred by dismissing the petition against the mother, essentially conceding that the court lacked personal and subject matter jurisdiction over the father. Family Court disagreed with petitioner, and affirmed the decision of the Support Magistrate dismissing the petition as to both respondents. Petitioner now appeals, challenging the dismissal of the petition against the mother.

Family Court concluded, among other things, that it lacked subject matter jurisdiction to grant the relief sought by the petition because the Uniform Interstate Family Support Act (42 USC § 654 [20]; §§ 655, 666 [hereinafter UIFSA]) requires that, to receive federal funding for certain programs, states must enact the Full Faith and Credit for Child Support Orders Act (see 28 USC § 1738B [hereinafter FFCCSOA]) and give full faith and credit to child support orders validly issued in other states (see Family Ct Act art 5-B). FFCCSOA and UIFSA vest the issuing state with "continuing, exclusive jurisdiction over its child support orders so long as an individual contestant continues to reside in the issuing state" (*Matter of Spencer v Spencer*, 10 NY3d 60, 66 [2008]; see 28 USC § 1738B [d]; 42 USC § 654; Family Ct Act § 580-205). Here, the father remains a resident of California and, therefore, California retains exclusive jurisdiction over the child support order that obligated the father to pay child support.*

However, we agree with petitioner that, with respect to the mother, the provisions of FFCCSOA and UIFSA do not apply to this proceeding because her petition against the mother is not an attempt to modify the California support order but, rather, an original petition that, for the first time, seeks an award of child support from her mother. To be sure, "[a] tribunal of this state may not modify any aspect of a child support order that may not be modified under the law of the issuing state" (Family Ct Act § 580-611 [c]), and a modification is defined as "a change in a child support order that affects the amount, scope, or duration of the order and modifies, replaces, supersedes, or otherwise is made subsequent to the child support order" (28 USC § 1738B [b]). However, we do not view this petition against the mother and a resulting order against her as one that would result in a

---

* The father has not consented to having the matter heard in New York (*compare Matter of Daniels v Spector*, 53 AD3d 484 [2008]).

modification of any aspect of the California order or would otherwise disturb the continuing, exclusive jurisdiction that the California Superior Court had over its order directing the father to pay child support for his children to the mother. Rather, an order imposed in New York against the mother would, for the first time, establish the parameters of her obligation to support her children. Indeed, the California order contained no direction whatsoever with respect to an obligation on the part of the mother to pay child support. As such, the petition, as it has been filed against the mother, is a de novo application for child support and is not directly or indirectly a modification of a prior, out-of-state order (*compare Spencer v Spencer*, 10 NY3d at 66; *see* 28 USC § 1738B [d]; 42 USC § 654; Family Ct Act § 580-205). In short, we disagree with Family Court that it lacks subject matter jurisdiction to hear an application of petitioner, who resides in New York, to seek an order obligating her mother, who is also a resident of this state, to provide for her support, where no order has been previously issued establishing the existence of such an obligation.

Peters, J.P., Rose, Kane and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted respondent Connie Clarke's motion to dismiss the petition against her; said motion denied and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.