■ In the Matter of DIANE ARDELL, Respondent, v MIKAEL ARDELL, Appellant. [34 NYS3d 106]—

Appeals, by permission, from (1) an order of the Family Court, Suffolk County (Isabel E. Buse, S.M.), dated December 4, 2015, and (2) an order of that court (Bernard Cheng, J.), dated December 24, 2015. The order dated December 4, 2015, denied the father's motion to dismiss the mother's petition for a de novo award of child support or, in the alternative, to modify a foreign order of child support. The order dated December 24, 2015, denied the father's objections to the order dated December 4, 2015.

Ordered that the order dated December 24, 2015, is reversed, on the law and the facts, the father's objections are granted, the order dated December 4, 2015, is vacated, and the father's motion to dismiss the petition is granted; and it is further,

Ordered that the appeal from the order dated December 4, 2015, is dismissed as academic in light of our determination on the appeal from the order dated December 24, 2015; and it is further,

Ordered that one bill of costs is awarded to the father.

The parties have three children together, all of whom were

born in New York. In 2004, the family moved to Sweden. The father is a Swedish citizen, and the mother, who is an American citizen, obtained Swedish citizenship in February 2011. The parties were divorced in June 2011 pursuant to a partial judgment of the Attunda District Court, Sollentuna, Sweden. In July 2012, the Svea Court of Appeal, Stockholm, Sweden, awarded the parties joint legal custody of the children, with the mother having primary physical custody of the children and the father having visitation.

In October 2012, the mother moved to New York with the children. The father remained in Sweden, although he later moved to Singapore in connection with his employment. He retained his Swedish citizenship and remained registered with the Swedish authorities at his home address in Stockholm.

In 2013, the parties entered into a child support agreement that was thereafter entered as a judgment by the Attunda District Court on September 23, 2013 (hereinafter the Swedish support order). The father made child support payments to the mother's New York bank account pursuant to that order. There is no allegation that the father is in arrears on those payments.

In July 2015, the mother commenced this proceeding in the Family Court, Suffolk County, for a de novo award of child support or, in the alternative, to modify the Swedish support order. The father moved to dismiss the petition on the ground, inter alia, of lack of jurisdiction. In an order dated December 4, 2015, the Support Magistrate denied the motion. In an order dated December 24, 2015, the Family Court denied the father's objections to the Support Magistrate's order. By permission, the father appeals.

In 2015, New York adopted, as Family Court Act article 5-B, a new version of the Uniform Interstate Family Support Act (hereinafter the UIFSA), that, among other things, incorporates the Hague Convention on the International Recovery of Child Support and Other Forms of Family Maintenance (hereinafter the Convention), of which Sweden is a member (see L 2015, ch 347, § 2). Although the new version became effective January 1, 2016, Family Court Act § 580-903 provides that the new version "shall apply to any action or proceeding filed or order issued on or before the effective date." Accordingly, we apply the new version of the UIFSA to the order appealed from.

Family Court Act § 580-201 (a) provides that, in a proceeding to establish or enforce a support order, a tribunal of this state may exercise personal jurisdiction over a nonresident individual if, among other things, the individual resided with the child in this state, the individual resided in this state and provided

prenatal expenses or support for the child, or the individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse (*see* Family Ct Act § 580-201 [a] [3], [4], [6]; *see also Matter of Samuels v Britton*, 243 AD2d 570 [1997]). Here, it is undisputed that the children were conceived in New York, that the father lived with them in New York, and that he presently pays support for them. However, Family Court Act § 580-201 (b) provides that the bases for personal jurisdiction set forth in Family Court Act § 580-201 (a) "may not be used to acquire personal jurisdiction for a tribunal of this state to modify a . . . foreign support order[ ] unless the requirements of [Family Court Act § ] 580-615 . . . are met." Family Court Act § 580-615 allows tribunals of this state to modify foreign child support orders in certain circumstances, "[e]xcept as otherwise provided in [Family Court Act § ] 580-711." Family Court Act § 580-711 (a) provides:

"A tribunal of this state may not modify a Convention child support order if the obligee remains a resident of the foreign country where the support order was issued unless:

"(1) the obligee submits to the jurisdiction of a tribunal of this state, either expressly or by defending on the merits of the case without objecting to the jurisdiction at the first available opportunity; or

"(2) the foreign tribunal lacks or refuses to exercise jurisdiction to modify its support order or issue a new support order."

Any child support order issued after a prior child support order has been issued constitutes a "modification" of the prior child support order within the meaning of the UIFSA (*see Matter of Spencer v Spencer*, 10 NY3d 60, 67-68 [2008]).

Here, the mother contends that, after the father moved to Singapore, he was no longer "a resident of the foreign country where the support order was issued," and that Family Court Act § 580-711 (a) therefore does not apply. However, the father has submitted evidence demonstrating that, notwithstanding his move to Singapore, he remained registered as a resident of Stockholm pursuant to the laws of Sweden. It is also clear that the father did not expressly submit to the jurisdiction of the courts of this state, and that he objected to the jurisdiction at the first available opportunity. Furthermore, contrary to the mother's contention, the record does not demonstrate that the courts of Sweden lack or have refused to exercise jurisdiction to modify the Swedish support order or issue a new support order. Accordingly, the courts of this state do not have jurisdiction to issue a new support order unless there is a reason not to recognize the Swedish support order (*see* Family Ct Act §§ 580-711 [b]; 580-708 [c]).

Family Court Act § 580-708 provides that tribunals of this state shall recognize registered support orders issued by tribunals located in members of the Convention except under certain specified circumstances, including where recognition of the order "is manifestly incompatible with public policy, including the failure of the issuing tribunal to observe minimum standards of due process, which include notice and an opportunity to be heard" (Family Ct Act § 580-708 [b] [1]). Here, contrary to the mother's contention, she has failed to demonstrate that recognition of the Swedish support order is manifestly incompatible with public policy.

Accordingly, since the Family Court was without jurisdiction to entertain the mother's petition, we reverse the order dated December 24, 2015, vacate the order dated December 4, 2015, and grant the father's motion to dismiss the petition.

In light of our determination, we need not reach the father's remaining contentions. Leventhal, J.P., Dickerson, Sgroi and Cohen, JJ., concur.