Appeal by the father from an order of the Family Court, Suffolk County (Matthew G. Hughes, J.), dated October 14, 2016. The order denied the father’s objections to an order of that court (Isabel E. Buse, S.M.) dated August 9, 2016, which granted the mother’s motion to dismiss the father’s petition for child support for the parties’ son.
 

 Ordered that the order dated October 14, 2016, is affirmed, without costs or disbursements.
 

 In May 2016, the father commenced this proceeding pursuant to Family Court Act article 4 seeking child support for the parties’ son. The mother moved to dismiss the petition on the ground that an order of support was already issued by a court in Missouri, which had continuing, exclusive jurisdiction under the Uniform Interstate Family Support Act (hereinafter UIFSA) (Family Ct Act art 5-B). In an order dated August 9, 2016, the Support Magistrate granted the mother’s motion to dismiss the petition. Thereafter, the father filed objections to the order dated August 9, 2016. In an order dated October 14, 2016, the Family Court denied the father’s objections. The father appeals from the order dated October 14, 2016. We affirm.
 

 “Under the [Full Faith and Credit for Child Support Orders Act] and UIFSA, the state issuing a child support order retains continuing, exclusive jurisdiction over its child support orders so long as an individual contestant continues to reside in the issuing state” (Matter of Spencer v Spencer, 10 NY3d 60, 66 [2008]; see 28 USC § 1738B [d]; Family Ct Act § 580-205). “ ‘[A] state may modify the issuing state’s order of child support only when the issuing state has lost continuing, exclusive jurisdiction’” (Matter of Pauls v Neathery, 149 AD3d 950, 952 [2017], quoting Matter of Spencer v Spencer, 10 NY3d at 66; see 28 USC § 1738B [e]; Family Ct Act § 580-611 [a]).
 

 Here, contrary to the father’s contention, the Family Court properly determined that his petition was in the nature of a “modification petition,” rather than “a de novo application” (see Matter of Spencer v Spencer, 10 NY3d at 67; Matter of Ardell v Ardell, 140 AD3d 863, 865 [2016]; cf. Matter of O. v M., 19 NY3d 828 [2012]; Matter of Clarke v Clarke, 68 AD3d 1203 [2009]). Further, since the mother and the parties’ daughter reside in Missouri, that state retains continuing, exclusive jurisdiction of its child support order, and New York does not have jurisdiction to modify the Missouri order (see Matter of Spencer v Spencer, 10 NY3d at 66).
 

 Accordingly, the Family Court properly denied the father’s objections to the order dated August 9, 2016, granting the mother’s motion to dismiss the petition.
 

 Chambers, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.