Matter of Reynolds v Evans (2018 NY Slip Op 02077)





Matter of Reynolds v Evans


2018 NY Slip Op 02077


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


348 CAF 17-00990

[*1]IN THE MATTER OF JOHN E. REYNOLDS, JR., PETITIONER-APPELLANT,
v
TANYA EVANS, RESPONDENT-RESPONDENT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MOLLIE A. DAPOLITO OF COUNSEL), FOR PETITIONER-APPELLANT.


 Appeal from an order of the Family Court, Ontario County (Frederick G. Reed, A.J.), entered November 30, 2016 in a proceeding pursuant to Family Court Act article 4. The order denied petitioner's objections to the order of the Support Magistrate dismissing his petition to modify a New Jersey child support order. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the objections are granted and the petition is reinstated, and the matter is remitted to Family Court, Ontario County, for further proceedings on the petition.
Memorandum: In this proceeding pursuant to Family Court Act article 4, petitioner father appeals from an order of Family Court that denied his objections to the order of the Support Magistrate dismissing his petition to modify a New Jersey child support order. The father and respondent mother, the biological parents of the subject child, previously resided in New Jersey with the child, and a New Jersey court issued a child support order in 2001. The mother and child thereafter relocated to Tennessee, and the father relocated to New York. In 2004, the New Jersey child support order was registered in New York for purposes of enforcement. In 2016, the father filed the instant petition in New York seeking a downward modification of his child support obligation. We agree with the father that the Support Magistrate erred in dismissing the petition based on lack of subject matter jurisdiction, and thus that the court erred in denying his objections to the Support Magistrate's order.
In order to modify an out-of-state child support order under the Uniform Interstate Family Support Act ([UIFSA] Family Ct Act art 5-B), the order must be registered in New York and, in relevant part, the following conditions must be present: "(i) neither the child, nor the obligee who is an individual, nor the obligor resides in the issuing state; (ii) a petitioner who is a nonresident of this state seeks modification; and (iii) the respondent is subject to the personal jurisdiction of the tribunal of this state" (§ 580-611 [a] [1]). Although the New Jersey child support order was registered in New York, the father is the petitioner and he is a resident of New York. Therefore, under the UIFSA, the father could not properly bring the petition for modification of the New Jersey child support order in New York. The father could, however, properly bring the petition for modification in New York under the Full Faith and Credit for Child Support Orders Act ([FFCCSOA] 28 USC § 1738B; see generally Matter of Bowman v Bowman, 82 AD3d 144, 146-148 [3d Dept 2011]). Under the FFCCSOA, a New York court may modify an out-of-state child support order if "the court has jurisdiction to make such a child support order pursuant to [28 USC § 1738B] subsection (i)" and, in relevant part, "the court of the other State no longer has continuing, exclusive jurisdiction of the child support order because that State no longer is the child's State or the residence of any individual contestant" (28 USC § 1738B [e] [1], [2] [A]). Here, neither the parties nor the child continued to reside in New Jersey, and New Jersey therefore ceased to have continuing, exclusive jurisdiction (see Family Ct Act § 580-205 [a] [1]; 28 USC § 1738B [d]).
Although the UIFSA and the FFCCSOA "have complementary policy goals and should be read in tandem" (Matter of Spencer v Spencer, 10 NY3d 60, 65-66 [2008]), the UIFSA and the FFCCSOA conflict when applied to these facts, and we conclude that the FFCCSOA preempts the UIFSA here. The FFCCSOA "is so comprehensive in scope that it is inferable that Congress intended to fully occupy the field of its subject matter" (Bowman, 82 AD3d at 149 [internal quotation marks omitted]). We therefore reverse the order, grant the objections and reinstate the petition, and we remit the matter to Family Court for further proceedings thereon.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court