Matter of Nassau County Dept. of Social Servs. v Ablog (2021 NY Slip Op 03035)





Matter of Nassau County Dept. of Social Servs. v Ablog


2021 NY Slip Op 03035


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2020-04590
 (Docket No. F-5472-19)

[*1]In the Matter of Nassau County Department of Social Services, etc., respondent, 
v
Buz Ablog, appellant.


Buz Ablog, Palm Bay, Florida, appellant pro se.
Jared A. Kasschau, County Attorney, Mineola, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated March 16, 2020. The order denied the father's objection to an order of the same court (Nadine J. Satterthwaithe, S.M.) dated January 22, 2020, which, after a hearing, inter alia, directed that he pay child support in the sum of $144 per week.
ORDERED that the order dated March 16, 2020, is reversed, on the law, with costs, the father's objection to the order dated January 22, 2020, is granted, the order dated January 22, 2020, is vacated, and the petition is dismissed.
The appellant (hereinafter the father) has a daughter who is the subject of this proceeding. Pursuant to a 2009 Florida judgment of divorce, the father was obligated to pay child support for the daughter "until the child attains the age of eighteen years or graduates from high school, as long as the child is progressing in school and will graduate before attaining the age of nineteen years." The daughter resided with her mother following the judgment of divorce until February 2018, when the mother died and the father became the custodial parent. The daughter turned 18 years of age in September 2018. She obtained her GED and moved to New York in 2019. The father continues to reside in Florida.
After relocating to New York, the daughter applied for and began receiving public assistance in Nassau County. In July 2019, the Nassau County Department of Social Services (hereinafter DSS) filed the instant petition for support on behalf of the daughter. At a hearing on the petition before a support magistrate, the father moved to dismiss the petition for lack of subject matter jurisdiction pursuant to the Uniform Interstate Family Support Act (hereinafter UIFSA), arguing that Florida retained exclusive jurisdiction over his child support obligation to the daughter, and that under Florida law, his obligation to support the daughter ceased when she turned 18. The Support Magistrate denied the motion, finding that the subject application was not seeking to modify the father's existing child support obligation in Florida, but, instead, was a de novo application for support.
The Support Magistrate issued a temporary order of support dated December 5, 2019, inter alia, directing the father to pay child support in the sum of $144 per week. The father filed an objection to the order, arguing that Florida retained exclusive jurisdiction over his support obligation [*2]to the daughter. The Family Court denied his objection on the ground that a final order of support had not been entered. The Support Magistrate then entered a final order of support dated January 22, 2020, among other things, directing the father to pay child support in the sum of $144 per week. The father filed the same objection. In an order dated March 16, 2020, the court denied his objection, finding that the subject application was a de novo application for child support. The father appeals.
"Under the [Full Faith and Credit for Child Support Orders Act] and UIFSA, the state issuing a child support order retains continuing, exclusive jurisdiction over its child support orders so long as an individual contestant continues to reside in the issuing state" (Matter of Spencer v Spencer, 10 NY3d 60, 66; see 28 USC § 1738B[d]; cf. Family Ct Act § 580-205). "Accordingly, a state may modify the issuing state's order of child support only when the issuing state has lost continuing, exclusive jurisdiction" (Matter of Spencer v Spencer, 10 NY3d at 66; see 28 USC § 1738B[e]).
The federal statute defines a "modification" to mean "a change in a child support order that affects the amount, scope, or duration of the order and modifies, replaces, supersedes, or otherwise is made subsequent to the child support order" (28 USC § 1738B[b][8]). Here, it is undisputed that the father's child support obligation with respect to the daughter was set forth in the 2009 Florida judgment. The New York order was made subsequent to the Florida judgment and changed, among other things, the duration of the initial order by extending it beyond the time that the daughter had turned 18 years old and completed high school. Therefore, under the plain language of the federal statute, the New York order of support is a "modification" of the Florida judgment (see Matter of Spencer v Spencer, 10 NY3d at 67-68; Matter of Zagarino v McLean, 154 AD3d 769, 770). Since the father still resides in Florida, that state has continuing, exclusive jurisdiction of the child support order, despite the termination of his obligations under that order, and New York does not have subject matter jurisdiction to modify that order (see Matter of Spencer v Spencer, 10 NY3d at 69; Matter of Clarke v Clarke, 68 AD3d 1203, 1204). Accordingly, the Family Court should have sustained the father's objection to the order of support and dismissed the petition.
The parties' remaining contentions either are without merit, are not properly before this Court, or need not be addressed in light of our determination.
MILLER, J.P., LASALLE, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court