Matter of Salim v Freeman (2022 NY Slip Op 02268)

Matter of Salim v Freeman

2022 NY Slip Op 02268

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2021-05278
 (Docket No. U-11414-20)

[*1]In the Matter of Jabari O. Salim, respondent,
v
Veronica Young Freeman, appellant.

Sparacino & Sparacino, Northport, NY (Jessica D. Sparacino of counsel), for appellant.
Steven D. Kommor, Melville, NY, for respondent.

DECISION & ORDER
In a child support proceeding pursuant to the Uniform Interstate Family Support Act (Family Ct Act art 5-B), the mother appeals from an order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated July 8, 2021. The order granted the father's objections to an order of the same court (Meredith Lafler, S.M.) dated March 19, 2021, which granted the mother's motion to dismiss the petition and vacated a temporary order of support of the same court (Meredith Lafler, S.M.) dated December 3, 2020.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that order dated July 8, 2021, is reversed, on the law, without costs or disbursements, the father's objections to the order dated March 19, 2021, are denied, and the petition is dismissed.
The mother and the father are the parents of a child who was born in the Commonwealth of Virginia in 2007. In September 2020, the father commenced the instant
proceeding in New York for child support pursuant to the Uniform Interstate Family Support Act (Family Ct Act art 5-B; hereinafter UIFSA).
The Support Magistrate issued a temporary order of support on December 3, 2020, directing the mother to pay child support to the father in the sum of $387 semi-monthly. The mother thereafter moved to dismiss the petition on the ground, among others, in effect, that the Family Court lacked jurisdiction because there was a prior child support order that had been issued by a court in the Commonwealth of Virginia. The Support Magistrate granted the mother's motion, dismissed the petition, and vacated the temporary order of support.
The father filed objections to the Support Magistrate's order. In the order appealed from, dated July 8, 2021, the Family Court, among other things, granted the father's objections and [*2]reinstated the temporary order of support. The mother appeals. We reverse.
The UIFSA, "adopted in New York as article 5-B of the Family Court Act, grants 'continuing, exclusive jurisdiction over' a child support order to the state that issued the order" (Matter of Deazle v Miles, 77 AD3d 660, 662, quoting Family Ct Act § 580-205[a]; see Matter of Spencer v Spencer, 10 NY3d 60, 66). "Under the [Full Faith and Credit for Child Support Orders Act] and UIFSA, the state issuing a child support order retains continuing, exclusive jurisdiction over its child support orders so long as an individual contestant continues to reside in the issuing state" (Matter of Spencer v Spencer, 10 NY3d at 66; see 28 USC § 1738B[d]; Matter of Nassau County Dept. of Social Servs. v Ablog, 194 AD3d 817, 818; cf. Family Ct Act § 580-205). "Accordingly, a state may modify the issuing state's order of child support only when the issuing state has lost continuing, exclusive jurisdiction" (Matter of Spencer v Spencer, 10 NY3d at 66; see 28 USC § 1738B[e]; Matter of Nassau County Dept. of Social Servs. v Ablog, 194 AD3d at 818). In this context, a "modification" is defined to mean "a change in a child support order that affects the amount, scope, or duration of the order and modifies, replaces, supersedes, or otherwise is made subsequent to the child support order" (28 USC § 1738B[b][8]; see Matter of Spencer v Spencer, 10 NY3d at 67; Matter of Nassau County Dept. of Social Servs. v Ablog, 194 AD3d at 819).
Here, the record reflects, and it is undisputed, that support for the parties' child was previously awarded to the mother in an order issued by a court within the jurisdiction of the Commonwealth of Virginia prior to the filing of the father's petition. Accordingly, contrary to the father's contention, his petition was in the nature of a "modification" petition, rather than a "de novo" application (see Matter of Spencer v Spencer, 10 NY3d at 66, 67; Matter of Nassau County Dept. of Social Servs. v Ablog, 194 AD3d at 819). Since the father resides in the Commonwealth of Virginia, that entity retains continuing, exclusive jurisdiction of its child support order, and New York does not have jurisdiction to modify it (see Matter of Spencer v Spencer, 10 NY3d at 69; Matter of Nassau County Dept. of Social Servs. v Ablog, 194 AD3d at 819; Matter of Zagarino v McLean, 154 AD3d 769, 770; Matter of Lorenzana v Arafiles, 297 AD2d 679, 680). Under these circumstances, the Family Court should have denied the father's objections to the order dated March 19, 2021, and dismissed the father's petition (see Matter of Nassau County Dept. of Social Servs. v Ablog, 194 AD3d at 819; Matter of Zagarino v McLean, 154 AD3d at 770; Matter of Lorenzana v Arafiles, 297 AD2d at 680).
In light of the foregoing, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., RIVERA, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court